**SUBURBAN HOME MORTGAGE COMPANY, Plaintiff-Appellee,**
**v. HOPWOOD ET, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3867. Decided January 8, 1947.

Allen I. Protzman, Columbus, for Plaintiff-Appellee.
Williams, Williams & Reynolds, Columbus, Harry L. Hopwood, Columbus, for Defendants-Appellants.

**OPINION**

By MILLER, J.

Submitted on application by the plaintiff-appellee for a rehearing.

We have again given this entire matter our most careful attention and are of the opinion that we carried the "clean hands" doctrine too far, as the Courts seem to recognize a distinction between illegal contracts based upon a considera-

tion that is "malum prohibitum" from those where it is "malum in se." Our opinion correctly stated the law as to the latter but not as to the former.

The Real Estate Brokers' Act defines obligations of, prescribes offenses and penalties against the broker or salesman of real estate, but does not make a buyer amenable thereto. The acts precluded by the statute are mala prohibita and not mala in se. But for the statutes the contract here in question would· have been valid and subject to enforcement. Because of the respective relation of the parties to the statutes involved, they are not in pari delicto. In 17 C. J. S. 666, it is said:

"The complaining party is especially protected by the law where the agreement is not illegal per se but is merely prohibited, and the prohibition was intended for his protection, and in such case, not being in pari delicto, he is entitled to relief, but only the party whom the law was designed to protect can take advantage of it. The fact that the penalty is imposed on one of the parties alone shows clearly that the law does not consider them in pari delicto unless the prohibited act would be illegal irrespective of the statute."

Of the cases cited to support the text, see United Bank & Trust Co. v Joyner (Ariz.), 11 Pac. (2d) 829; Smith, et al. v Bach, et al (Cal.) 191 Pac. 14, 15; Reilly v Clyne, 234 Pac. 36, 40, (Ariz.), and in American National Insurance Co. v Tabor (Tex.), 230 S. W. 397, the principle is expressly announced:

"It is safe to assume that whenever the statute imposes a penalty upon one party and none upon the other, they are not to be regarded as in pari delicto."

Also, see note to Levison v Boas (Cal.), 12 L. R. A. (N. S.) 618.

We find the same doctrine announced in 12 Amer. Jur., p. 734, where it is said:

"In many cases of illegal agreements or transactions the parties are not deemed to be in equal fault, since there are degrees of crime and wrong. A distinction has been made between those illegal agreements, both parties to which are equally culpable, and those in which, although both have participated in the illegal act, the guilt rests chiefly upon one. The maxim 'ex dolo malo non oritur actio' is qualified by another—'in pari delicto melior est conditio defendentis.' Unless, therefore, the parties are in pari delicto as well as participes criminis, the courts, although the agreement is illegal,

will afford relief, where equity requires it, to the more innocent party even after the agreement has been executd. The cases in which the courts will give relief to one of the parties on the ground that he is not in pari delicto form an independent class, entirely distinct from those cases which rest upon a disaffirmance of the agreement before it is executed. But as in the case of the repudiation of an executory illegal agreement, the recovery is had not under, but independently of, the agreement which is treated as a nullity. In some decisions, however, it is declared that where there is moral turpitude on both sides, a court will not undertake to ascertain the relative guilt of the parties.

"Where the law that creates the illegality in the transaction was designed for the coercion of one party and the protection of the other or where the one party is the principal offender and the other criminal only from a constrained acquiescence in the illegal conduct, in such cases there is no parity of delictum at all between the parties, and the one protected by the law or acting under compulsion may, at any time, resort to the law to recover money paid, though the illegal transaction is completed."

Also, **9 O. Jur., p. 386:**

"The broad principle above stated that when parties enter into an illegal agreement the courts regard them as in pari delicto and consequently will leave them where they find them, affording no relief to either of them either in law or equity, is subject to a number of exceptions, one of which is that where a contract prohibited by law is not malum in se, but malum prohibitum, and has not been fully executed, either party may rescind the contract and have relief in justice both in law and equity. The principle upon which the exception is made is that the policy is best subserved by granting a locus penitentiae to a party, and by permitting him to disaffirm the contract, prevent the execution of it, and authorize the party so disaffirming to recover money paid or grant to him equitable relief against the enforcement of the contract. Relief has been given in exceptional cases even to persons in pari delicto where such relief is in the public interest. Thus relief has been given in the public interest to members of a window-cleaning association against other members in disaffirmance of such a contract of association, where the contract is executory and consequently granting relief will prevent the commission of wrongs against the public interest.

"This broad rule has also been varied by statutory changes which allow money won by gaming or betting to be recovered at law by the loser, but independent of the statute so long as the illegal acts remain wholly unexecuted, the party parting with his money may repent, abandon his contract and recover back the money paid, the law's aim being to prevent wrong doing by encouraging such repentance and abandonment."

To deny the plaintiff the right to recover would permit the defendant, Harry L. Hopwood, to collect for services which he had not performed and for which in the contemplation of the parties he was not to be paid, and would penalize the plaintiff, which would give the statute an opposite effect from that intended.

We find merit in the application for a rehearing, and on further consideration it is ordered that the same judgment be rendered for the plaintiff as was rendered in the Court of Common Pleas.

HORNBECK, PJ, and WISEMAN, J, concur.