In re Martin T. DOW, Debtor.

Nora E. JONES, Trustee, Plaintiff,

v.

HYATT LEGAL SERVICES,
et al., Defendants.

Bankruptcy No. 2–88–05047.
Adv. No. 2–91–0045.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Oct. 22, 1991.

Nora E. Jones, Schottenstein, Zox & Dunn, Columbus, Ohio, trustee and attorney for trustee.

Richard O. Wuerth, Lane, Alton & Horst, Columbus, Ohio, for defendants.

Charles M. Caldwell, Office of the United States Trustee, Columbus, Ohio, Asst. U.S. trustee.

## ORDER ON DEFENDANT HYATT LEGAL SERVICES' MOTION TO DISMISS

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Statement*

This matter is before the Court upon the motion ("Motion") of Hyatt Legal Services, Joel Hyatt, William Brooks, Susan Hyatt, Wayne Willis, Jane/John Doe, James Reese, Ben Rainsberger, and Richard Ovestrud (together, the "defendants") to dismiss the complaint filed by the Chapter 7 trustee ("plaintiff") and the plaintiff's opposition to that motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district.

### II. *Statement of Facts*

The claims in this proceeding arise from the underlying Chapter 7 proceeding of Martin T. Dow ("debtor"). The complaint, filed February 4, 1991 by the trustee ("plaintiff"), alleges that the defendants were negligent in advising and representing the debtor and that the defendants are guilty of fraudulent representations and/or nondisclosure. In her first claim, the plaintiff asserts that negligence and/or a breach of contract by the defendants caused the debtor to file a petition for relief under Chapter 7 of the Bankruptcy Code. The claim also alleges that if the defendants had advised and represented the debtor in a skillful and diligent manner, the debtor would not have engaged in certain transactions and conveyances involving real property and would not have prepared and filed incomplete and inaccurate statements and schedules in connection with the bankruptcy petition.

The second claim charges the defendants with fraudulent and/or negligent misrepresentation and nondisclosure. Specifically, it is alleged that the debtor consulted the defendants regarding various real estate transactions the debtor entered into with the intent to hinder, delay or defraud the creditors of the debtor and the trustee, and that the defendants, although possessing knowledge of the scheme, assisted the debtor in its furtherance. With respect to the representations in the debtor's statements and schedules filed in connection with his bankruptcy petition, it is alleged that the defendants either knew such representations were false or had reason to know such representations were false and failed to exercise reasonable care in preparing and filing the documents. The third claim seeks turnover or disclosure of all information relating to the debtor's property or financial affairs in the defendant's control.

Judgment in the amount of $130,000 on the first claim and in the amount of $60,000

on the second is requested. The third claim seeks turnover to the plaintiff of any and all recorded information in the defendants' control which relates to the debtor's property or financial affairs.

## III. *Discussion*

### A. *Standards on Motion to Dismiss*

█ Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy proceedings by Fed. R.Bankr.P. 7012, provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. The plaintiff's complaint may only be dismissed under Bankruptcy Rule 7012 if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir.1989); *Davis H. Elliott Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir.1975). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In determining the motion, all allegations of the complaint are presumed to be true and all reasonable inferences are to be made in favor of the nonmoving party. 2A J. Moore and J.D. Lucas, Moore's Federal Practice, Para. 12.07 (2d ed. 1986). *See also, Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *Collins,* 892 F.2d at 493; *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). However, any conclusions, deductions, or opinions masked as factual allegations may not be presumed to be true. *Morgan,* 829 F.2d at 12 (citing *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976); *Davis H. Elliott,* 513 F.2d at 1182)).

#### 1. Evidentiary Considerations

█ Since a motion under Rule 12(b)(6) is directed solely to the complaint, extrinsic evidence may not be considered in determining the motion. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam); *Morgan,*

829 F.2d at 12 n. 2; *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983) (citing *Sims v. Mercy Hospital of Monroe,* 451 F.2d 171, 173 (6th Cir.1971)). *See also* Fed.R.Civ.P. 12(b). According to the defendants the Court also may consider other facts which the Court "judicially knows," as they appear from all of the pleadings, orders and records of the case. *Cohen v. United States,* 129 F.2d 733, 736 (8th Cir.1942); *Yudin v. Carroll,* 57 F.Supp. 793, 795 (D.C.Ark.1944). However, the cases cited by the defendants are pre-1948 and, thus, subject to a 1948 amendment of 12(b)(6).

There was an early period during which some courts held that on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted, materials extrinsic to the complaint could not be considered. Since 1948, however, Rule 12(b) has provided that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

*Hollis v. U.S. Dept. of Army,* 856 F.2d 1541, 1543 (D.C.Cir.1988) (footnotes omitted). The current version of 12(b)(6) contemplates that, if the Court does not exclude extrinsic evidence, the motion shall be treated as a summary judgment motion. Fed.R.Civ.P. 12 advisory committee's note. If a motion to dismiss is thus converted into a motion for summary judgment, both parties must be assured a reasonable opportunity to submit affidavits and other extrinsic evidence. *Id.; Hollis,* 856 F.2d at 1543.

The Court chooses to exclude extrinsic evidence in this case and not to convert the Motion to one for summary judgment. Therefore, only the pleadings may be considered in the Court's determination. Since the defendants have filed the Motion in response to the complaint and have not filed an answer, the only pleading currently before the Court is the complaint. Thus, only the complaint may be considered in the current decision.

**B.** *First Claim*

1. Statute of Limitations

The defendants contend that the first claim should be dismissed as it is time-barred. In Ohio, claims for legal malpractice must be commenced within one year after the cause of action accrues. Ohio Rev.Code Ann. § 2305.11(A) (Anderson 1991). A legal malpractice claim accrues when there is a:

cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice to pursue his possible remedies against the attorney *or* when the attorney-client relationship for that particular transaction terminates, *whichever occurs later.*

*Lamberjack v. Graves,* 1991 WL 156541 (Ohio App.1991) (citing *Zimmie v. Calfee, Halter and Griswold,* 43 Ohio St.3d 54, 538 N.E.2d 398 syllabus (1989)) (emphasis added). *See also Omni–Food & Fashion, Inc. v. Smith,* 38 Ohio St.3d 385, 528 N.E.2d 941 (1988). Therefore, in determining when a legal malpractice action accrues, the discovery date and the termination date must be determined and compared. *Lamberjack,* 1991 WL 156541.

■■■ "[C]onduct dissolving the 'essential mutual confidence between attorney and client signals the termination of the professional relationship.'" *Flynt v. Brownfield, Bowen & Bally,* 882 F.2d 1048, 1051 (6th Cir.1989) (citing *Brown v. Johnstone,* 5 Ohio App.3d 165, 450 N.E.2d 693 (Summit Co. 1982)). As the attorney-client relationship is of a consensual nature, the actions of *either* party can affect its continuance. *Flynt,* 882 F.2d at 1051; *Artromick Internat'l, Inc. v. Drustar, Inc.,* 134 F.R.D. 226, 230 (S.D.Ohio 1991). An affirmative act sufficient to put the other party on notice of the termination of the relationship starts the running of the statute of limitations. *Flynt,* 882 F.2d at 1052; *Brown,* 5 Ohio App.3d at 165, 450 N.E.2d 693. For the purpose of determining when discovery of malpractice occurred, the significant date is that of a "cognizable event." A cognizable event is one which should alert a reasonable person that a questionable legal practice may have occurred. *Lamberjack,* 1991 WL 156541; *Zimmie,* 43 Ohio St.3d at 58, 538 N.E.2d 398.

■■■ This adversary proceeding was commenced on February 4, 1991. The defendants attempt to bring within the Court's consideration various motions and pleadings filed in the underlying bankruptcy proceeding. However, as stated previously, the Court may consider only the complaint in the determination of this issue; extrinsic evidence is not available for consideration. *See Roth Steel,* 705 F.2d at 155. The only relevant date in the pleadings is February 6, 1990, which is the date when defendant Rainsberger orally moved to withdraw as debtor's counsel. As this is the Court's sole indication of the termination of the attorney-client relationship of the debtor and the defendants and this occurred within the proper time period as set out in O.R.C. § 2305.11(A), the first claim is not time-barred.

■■■ Even if the Court were able to consider additional evidence on the motion, the claim still would be found not to be time-barred. The defendants argue that the debtor's filing *pro se* of the "Motion for Protective Order and Objection to Request of the Trustee for Certain Discovery Information" on February 1, 1990 terminated the attorney-client relationship. An affirmative act sufficient to put the other party on notice of the relationship's termination is required to end the attorney-client relationship. *Lamberjack,* 1991 WL 156541; *Flynt,* 882 F.2d at 1052. There is no evidence before the Court at this time that the debtor's filing of the *pro se* motion put the defendants on notice of the relationship's termination. The motion, alone and without additional evidence as to when the defendants received notice of it, does not convince the Court that it was an affirmative act sufficient to put the defendants on notice of the termination. However, the Court's order of withdrawal entered February 16, 1990 and served upon both the debtor and the defendants clearly constituted such an affirmative act.

■ A legal malpractice action accrues at the *latter* of the termination of the attorney-client relationship or the occurrence of a cognizable event which should alert a reasonable person that a questionable legal practice may have occurred. *Lamberjack,* 1991 WL 156541; *Zimmie,* 43 Ohio St.3d at 58, 538 N.E.2d 398. The only relevant fact presently before the Court in its determination of when the legal malpractice was discovered is the debtor's consultation of another attorney for bankruptcy advice on February 6, 1990. While it cannot conclusively be said that this is the date the debtor discovered or should have discovered the questionable legal practices of the defendants, it is probable that the debtor could have made such a discovery only through professional consultation and not on his own.

The cause of action accrued at the *latter* of termination of the attorney-client relationship or the discovery of the resulting damage. Since it is reasonable that the debtor did not discover the damage until February 6, 1990, when he consulted another attorney, and that the attorney-client relationship was not effectively terminated until both the attorney and the client were put on notice of an affirmative act of termination, the complaint was filed within the applicable statute of limitations period, even when extrinsic evidence is considered.

### 2. 11 U.S.C. § 541 Property of the Estate

"[A]ll legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). This section is very broad; it is well-established that causes of action existing at the time of a case's commencement are included. H.R.Rep. No. 595, 95th Cong., 1st Sess. at 367–68 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. *See also United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, & n. 9, 2313, 76 L.Ed.2d 515 (1983); *Cottrell v. Schilling,* 876 F.2d 540 (6th Cir.1989); *In re Carson,* 82 B.R. 847, 851 (Bankr.S.D.Ohio 1987).

The defendants contend that the applicable Code language "as of the commencement of the case" was intended only to apply to the debtor's interests in existence immediately before the filing of the bankruptcy petition. The main support for the defendants' argument is an Iowa Supreme Court decision which addressed this same issue: whether malpractice claims arising out of the filing of a bankruptcy petition are property of the estate. *Collins v. Federal Land Bank of Omaha,* 421 N.W.2d 136 (Iowa S.Ct.1988). The court in *Collins* found that the malpractice claim, alleging that the defendant-attorney was negligent in filing a Chapter 7 petition rather than a Chapter 11, was the debtors' property and was not property of the estate. It was reasoned that, because no cause of action accrues under Iowa law until the wrongful act produces injury, any adverse economic consequences produced by the election of Chapter 7 arose *after* the petition was filed. Therefore, the claim was not property of the bankruptcy estate. *Id.* at 139–40.

■ State law is paramount in defining "all legal or equitable interests of the debtor." *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Matter of Roach,* 824 F.2d 1370, 1374 (3d Cir.1987); *Wilson v. Bill Barry Enter.,* 822 F.2d 859, 861 (9th Cir. 1987). Under Ohio law, the elements of legal malpractice are as follows: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney,* 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1059 (1989) (citing *McInnis v. Hyatt Legal Clinics,* 10 Ohio St.3d 112, 461 N.E.2d 1295 (1984); *Loveman v. Hamilton,* 66 Ohio St.2d 183, 420 N.E.2d 1007 (1981)). If these three elements were present at the time the debtor filed his petition in bankruptcy, the malpractice claim existed "as of the commencement of the case." The first two elements indisputably are present here. As to damages, the Iowa Supreme Court in *Collins* could not discern how damages impacted on the debtors until after the petition was filed. This Court disagrees with the conclusion in *Col-*

*lins.* The damages caused by the alleged malpractice occurred at the point of the filing of the petition.

The language "as of" in § 541(a)(1) is significant. Congress easily could have used "before" in place of "as of." The effect of such a substitution on the instant facts would be that the claim of malpractice as to the debtor's bankruptcy filing would not be estate property. However, "as of the commencement of the case" demonstrates congressional intent to include interests in existence at the time of the filing of the petition. *Collins,* 421 N.W.2d at 140–41 (Harris, J., dissenting). As of the debtor's bankruptcy filing, all the elements of a legal malpractice claim were in existence. The plaintiff's cause of action is property of the estate.

### 3. In Pari Delicto and Unclean Hands

According to the defendants, the claim alleging that the defendants committed malpractice by advising and assisting the debtor in certain real estate transactions and conveyances is barred by the doctrines of *in pari delicto* and unclean hands.[1] The debtor himself could not recover against the defendants on this claim as he and the defendants are equally at fault. Since the trustee can succeed to no greater rights than the debtor himself has, she also is barred under this doctrine. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 82–83 (1978).

*In pari delicto* refers to equal fault, or equal culpability. Black's Law Dictionary 403 (5th ed. 1983).[2] The doctrine of *in pari delicto* is premised on the policy that "[n]o Court will lend its aid to a man who founds his cause of action upon an immoral or illegal act." *Evans v. Cameron,* 121 Wis.2d 421, 360 N.W.2d 25, 28 (1985) (citing *Clemens v. Clemens,* 28 Wis.

637, 654 (1871)). *See also Suburban Home Mortgage Co. v. Hopwood,* 47 Ohio L.Abs. 596, 598, 73 N.E.2d 519, 521 (Franklin Cty. App.1947); *First Fed. Sav. & Loan Ass'n. v. Ansell,* 68 Ohio App. 369, 371, 41 N.E.2d 420, 423 (Knox Cty.App.1941); *Licking County v. Maharg,* 61 Ohio Misc.2d 126, 130, 575 N.E.2d 529, 531 (Licking Cty. Comm.Pleas 1990); *Glyco v. Schultz,* 35 Ohio Misc. 25, 30, 289 N.E.2d 919, 923 (Muni.Ct.1972); *Bergman v. Climins,* 9 Ohio L.Abs. 215, 218 (Summit Co. 1930). The defendants cite several Ohio cases applying the doctrine of *in pari delicto* to claims involving fraudulent conveyances. A grantor is precluded from any type of relief when he is equally culpable with respect to property fraudulently conveyed. *Kihlken v. Kihlken,* 59 Ohio St. 106, 121, 51 N.E. 969 (1898); *Brinkerhoff v. Tracy,* 55 Ohio St. 558, 561, 45 N.E. 1100 (1897); *Pride v. Andrew,* 51 Ohio St. 405, 38 N.E. 84 (1894).

In response, the plaintiff qualifies the doctrine of *in pari delicto:*

"[I]n cases where both parties are *in delicto,* concurring in an illegal act, it does not always follow that they stand *in pari delicto;* for there may be, and often are, very different degrees in their guilt. One party may act under circumstances of oppression, imposition, hardship, undue influence, or great inequality of condition or age; so that his guilt may be far less in degree than that of his associate in the offense. And besides, there may be on the part of the court itself a necessity of supporting the public interests or public policy in many cases, however reprehensible the acts of the parties may be."

*Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick, and Cabot,* 312 Pa.Super. 125, 131, 458 A.2d 545 (1983) (quoting Story, Equity Jurisprudence § 423 (14th ed. 1918)). *See also Suburban Home Mort-*

---

1. The defendant also requests that the Court take judicial notice that these allegations relate to the trustee's claims against the debtor and his mother concerning property in Westerville and Worthington, Ohio. The trustee was not specific as to what property her claim pertained to.

2. The doctrine of unclean hands precludes one who has defrauded his adversary in the subject matter of the action from equitable relief. Black's Law Dictionary 792 (5th ed. 1983). Neither the trustee nor the debtor are alleged to have defrauded the defendant. This doctrine is not applicable to the present case.

*gage,* 47 Ohio L.Abs. at 598, 73 N.E.2d at 521; *Glyco,* 35 Ohio Misc. at 31, 289 N.E.2d at 923–24. The plaintiff's argument continues with the assertion that an inequality of relationship exists between an attorney and a client: "The attorney and client do not deal with each other at arms' length." *Berman v. Coakley,* 243 Mass. 348, 354, 137 N.E. 667, 670–71 (1923). Due to this inequality between the debtor and the defendant, *in pari delicto* should not be applied to the legal malpractice claim. In the only case found in which *in pari delicto* was addressed in the context of a legal malpractice claim, *Feld & Sons,* 312 Pa.Super. 125, 458 A.2d 545, 548 (1983), recovery was allowed only on the breach of contract claim. *In pari delicto* precluded the plaintiffs from recovering compensatory and punitive damages against the attorney-defendants. While no Ohio court has addressed the same issue, it does recognize exceptions to the doctrine of *in pari delicto,* such as "where the law that creates the illegality in the transaction was designed for the coercion of one party and the protection of the other ..." *Glyco,* 35 Ohio Misc. at 31, 289 N.E.2d at 923–24 (quoting *Thomas v. City of Richmond,* 79 U.S. (12 Wall.) 349, 355, 20 L.Ed. 453 (1870)). It is necessary to keep in mind that this matter is before the Court upon a motion to dismiss. Due to the Court's inability to determine only from the complaint whether *in pari delicto* should bar the claim, the motion to dismiss cannot be granted on this ground.

### C. *Second Claim*

The plaintiff's second claim charges the defendants with fraudulent and/or negligent misrepresentation and nondisclosure. It is alleged that the defendants assisted the debtor in furtherance of the debtor's scheme of fraudulently conveyed property with the intent to hinder, delay, or defraud creditors. Additionally, it is alleged that the defendants either knew or had reason to know that the statements and schedules filed with the debtor's bankruptcy petition contained falsities. According to the complaint:

43. Had Defendants not aided and assisted Debtor and Dorothy Dow as set forth in paragraph 35 above, Plaintiff would have been able to promptly and efficiently administer the estate in Case No. 2–88–05047.

44. By reason of Defendants' wrongful concealment, misrepresentation, and involvement in the fraudulent transfers, conveyances, and transactions, Plaintiff has been damaged in the sum of $60,000.

The defendants contend that this claim should be dismissed for several reasons. As a matter of law, the requisite elements for fraud do not exist; there presently is not recognized a civil action against debtor's counsel for such fraud; and the Bankruptcy Code does not empower the trustee to bring such a claim.

The bankruptcy trustee has a dual role; the trustee represents not only the rights of the debtor but also the interests of creditors of the debtor. *Koch Refining v. Farmers Union Central Exchange, Inc.,* 831 F.2d 1339, 1342 (7th Cir. 1987), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988); *Wayne Film Systems Corp. v. Film Recovery Sys. Corp.,* 64 B.R. 45, 51 (N.D.Ill.1986). Pursuant to §§ 541 and 704(1) of the Code, the trustee stands in the debtor's shoes and thereby is empowered to pursue property and causes of action of the debtor. Section 544 of the Code permits the trustee, in his capacity as a hypothetical creditor, to bring suit on behalf of creditors. However, § 544 does not give a trustee the right to pursue *all* actions by creditors against third party defendants who have some connection with the debtor. *Wayne Film,* 64 B.R. at 51. Rather, § 544 appears to allow the trustee to pursue voidable transfers of the debtor. *Id.* The complaint asserts that the plaintiff—the trustee—has been damaged in the amount of $60,000 by the defendants' actions. In the complaint, the plaintiff does not claim that she is bringing the action pursuant to § 541 to recover property of the estate, nor does she claim that she is bringing the action pursuant to § 544 on behalf of any creditors. Rather, the trustee only alleges that she, as trustee, was harmed by the defendants. The complaint with respect to the second claim

fails to state a cause of action and may be dismissed.

▮ In the plaintiff's memorandum in opposition to the Motion, cases allowing a trustee to pursue causes of action available to creditors are cited in support of the trustee's standing to bring the second claim. The trustee apparently is attempting to change the basis of her claim in her memorandum in opposition. As it is considering a 12(b)(6) motion, the Court may not consider the memorandum in opposition since it is outside the scope of the complaint.

If the complaint itself were amended to assert a claim on behalf of creditors, this result may change.[3] Under § 544(a) the trustee "shall have ... the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by" a creditor with a judicial lien on property of the debtor, a creditor with an unsatisfied writ of execution, or a bona fide purchaser of real property of the debtor. Subsection (b) of 544 permits the trustee to avoid certain transfers of the debtor's interests voidable under state law. Section 544 does not give a trustee the right to pursue *all* actions by creditors against third-party defendants who have some connection with the debtor. *Wayne Film Sys.*, 64 B.R. at 51.

There presently is a split among the circuits on the issue of a trustee's ability to bring actions against third parties on behalf of creditors of the debtor. *See E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir.1990); *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688 (2d Cir.1989); *Williams v. California 1st Bank*, 859 F.2d 664 (9th Cir.1988); *Steyr–Daimler–Puch of America Corp. v. Pappas*, 852 F.2d 132 (4th Cir.1988); *Koch Refining*, 831 F.2d 1339 (7th Cir.1987); *In re Ozark Restaurant Equip. Co.*, 816 F.2d 1222 (8th Cir.1987), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir.1983). The only pertinent Su-

preme Court decision was decided under the predecessor to the Bankruptcy Code, the Bankruptcy Act. In *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), a reorganization trustee was held to have no standing to assert claims of misconduct against a third party, a trustee for the debenture holders under the indenture agreement, on behalf of the debenture holders. The rationale generally employed by the circuits holding that the trustee is not empowered to bring actions against third parties on behalf of creditors is that, in rewriting the bankruptcy laws in 1978, Congress considered and rejected a provision that would have expressly overruled *Caplin*. As the provision was rejected, *Caplin* thus remains the law under the Bankruptcy Code. *E.F. Hutton*, 901 F.2d at 986; *Williams*, 859 F.2d at 666; *Ozark Equip. Co.*, 816 F.2d at 1228; *Koch Refining*, 831 F.2d at 1347–48 n. 11.

The Sixth Circuit has yet to address the issue under the Bankruptcy Code. However, in a decision under the Bankruptcy Act, the Sixth Circuit held that as a creature of statute, the bankruptcy trustee has only those powers conferred upon him by the Bankruptcy Act: "A trustee may not sue upon claims not belonging to the estate even if they were assigned to him by creditors for convenience or other purposes." *Cissell v. American Home Assurance Co.*, 521 F.2d 790, 792 (6th Cir.1975) (citing *In re Petroleum Corp. of America*, 417 F.2d 929 (8th Cir.1969)). The plaintiff attempts to distinguish *Cissell* by noting that the decision addressed a trustee's attempt to pursue a claim held by a *specific* group of creditors rather than a claim held by *all* creditors generally.

Since the Court has already determined that the present complaint fails to state a cause of action upon which relief can be granted, it currently is unnecessary to delve more deeply into the split among the circuits on the issue of trustee standing to pursue a claim against third parties on

---

**3.** Since the trustee never contends that she is pursuing the second claim pursuant to 11 U.S.C. § 541 as property or a cause of action belonging to the debtor, the trustee's standing to assert a claim against the defendant on behalf of the debtor is not considered.

behalf of creditors. The Court merely notes the divergence of opinion and pertinent decisions. The second claim hereby is dismissed for failure to state a claim for which relief can be granted.

### D. *Third Claim*

The Court at this time will not rule on the issue of whether the third claim should be dismissed. The claim, which requests an order requiring the defendants to turn over records and other property, is assumed to be moot. In the defendants' reply memorandum, filed on May 6, 1991, it is stated that the complete files requested were produced for inspection by the trustee after the complaint and Motion were filed.

### IV. *Conclusion*

Based upon the foregoing, the Court hereby denies the Motion with respect to the first claim, but grants the Motion with respect to the second claim.

IT IS SO ORDERED.