In re Terry L. DOUGLAS, Debtor.

John Paul RIESER, Trustee in Bankruptcy, Plaintiff,

v.

Janet RENO, Attorney General of the United States of America, Defendant.

Bankruptcy No. 93–30671.
Adv. No. 95–0051.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Dec. 15, 1995.

---

John Paul Rieser, Dayton, Ohio, Plaintiff/Trustee, pro se.

Pamela M. Stanek, Assistant U.S. Attorney, Dayton, Ohio, for Defendant.

Donald F. Harker, III, Dayton, Ohio, for Debtor.

## DECISION AND ORDER DISMISSING COMPLAINT

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the defendant's motion to dismiss the plaintiff's complaint under Fed.R.Civ.P. 12(b)(6). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference

entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(H)—proceedings to determine, avoid, or recover fraudulent conveyances.

## *PROCEDURAL POSTURE*

On March 10, 1995, John Paul Rieser (the trustee in bankruptcy for the bankruptcy estate of Terry L. Douglas) filed an adversary proceeding against defendant Janet Reno, Attorney General of the United States of America. The trustee's complaint contains the following essential allegations:

1) On February 24, 1993, Terry L. Douglas ("debtor") filed a petition in bankruptcy pursuant to chapter 7 of the Bankruptcy Code.

2) On or about October 11, 1991, defendant—on behalf of the United States of America—initiated a "Complaint for Forfeiture In Rem" in the United States District Court for the Southern District of Ohio. Such complaint was brought under 21 U.S.C. § 881 ("Forfeitures") and requested the forfeiture of various items (real property, vehicles, travel trailers, contents of the real property, and currency) on the ground that such items were used or intended for use in connection with controlled substance transactions or represented proceeds traceable to such transactions. The district court complaint alleged that the above items were either titled in the name of the debtor or that they were believed to be owned by the debtor. On or about September 30, 1991, the Government's agents had physically seized the listed property. On October 6, 1992, an "Agreed Entry of Forfeiture" was entered by Hon. Walter Rice, United States District Judge for the Southern District of Ohio, whereby it was found that the debtor did not wish to contest the forfeiture of the property listed in the defendant's complaint for forfeiture and wherein it was ordered:

> [T]hat the above-described defendants [the items of property][1] are hereby forfeited to the United States of America in accordance with the terms of 21 U.S.C. § 881(a)(4), (6) and (7) and that all claims

and interests other than those specifically noted in this order are forever foreclosed and barred. Doc. # 1; Exh. B.

3) In his first claim for relief, the plaintiff-trustee alleges that the transfers of the forfeited assets to the Government took place within one year of the debtor's filing of his petition in bankruptcy, and that such transfers are voidable under § 548 of the Bankruptcy Code as fraudulent transfers.

4) In his second claim for relief, the plaintiff alleges that the transfers of the forfeited assets are voidable as fraudulent transfers under Ohio's Uniform Fraudulent Transfer Act.

5) The plaintiff also requests the court to impose a constructive trust upon all money and property received by the Government in relation to the forfeiture action and for an order disallowing and/or subordinating any and all prepetition and postpetition claims of the Defendant. Finally, the plaintiff alleges that he is entitled to prejudgment interest, attorney fees and costs.

In response to the plaintiff's complaint, the defendant has moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted."

## *CONCLUSIONS OF LAW*

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). In appraising the sufficiency of the plaintiff's complaint, the court must, of course, follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). On a motion to dismiss, plaintiff's factual allegations must be accepted as true, but legal conclusions, deductions

---

1. "In a forfeiture proceeding, the property becomes the named defendant." *United States v.* *Trotter,* 912 F.2d 964, 965 (8th Cir.1990).

or opinions couched as factual allegations are not given a presumption of truthfulness. *Crane & Shovel Sales Corp. v. Bucyrus–Erie Co.*, 854 F.2d 802 (6th Cir.1988).

Section 548 of the Bankruptcy Code governs fraudulent transfers by a debtor and reads, in relevant part, as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a).

■ At issue here is whether the prepetition disposition of the above-described property under a federal forfeiture statute (21 U.S.C. § 881) and pursuant to a district court's order constituted a fraudulent transfer under § 548 of the Bankruptcy Code.

In 1978, Congress amended the Comprehensive Drug Abuse Prevention and Control Act of 1970, 84 Stat. 1236,[2] thereby expanding the government's forfeiture power and authorizing the seizure and forfeiture of *proceeds* of illegal drug transactions. Prior to the amendment, "the statute had authorized forfeiture of only the illegal substances themselves and the instruments by which they were manufactured and distributed." *United States v. 92 Buena Vista Ave., Rumson, N.J.*, 507 U.S. 111, 121–22, 113 S.Ct. 1126, 1133, 122 L.Ed.2d 469 (1993). As amended, the statute authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value illegally exchanged for a controlled substance and "all proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6).[3]

Of critical importance to the instant case is the statutory provision regarding the vesting of title of forfeited property:

(h) Vesting of title in United States

All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.

21 U.S.C. § 881(h).

Based on this "relation back" provision of the forfeiture statute, the Government contends that, even assuming that the debtor at some time had an "interest" in the forfeited property, transfer of the property did not occur, as a matter of law, within the one year period preceding the filing of the debtor's petition in bankruptcy and, therefore, the transfer is not voidable under § 548 of the Bankruptcy Code. This court agrees.

Section 881(h) was enacted in 1984,[4] and its effect was to codify the common-law doctrine

---

**2.** "The forfeiture statute at issue here is designed to provide a significant weapon in the government's arsenal for the war on narcotics." *Couni-han v. Allstate Ins. Co.*, 25 F.3d 109, 113 (2nd Cir.1994).

**3.** The statute does contain, however, an exception, not relevant here, for so-called innocent owners of proceeds.

**4.** "The Senate report explaining that amendment shows that Congress relied upon the common-law 'taint' theory—that property is considered tainted from the time of its prohibited use or acquisition—in enacting 21 U.S.C. § 881(h)." *Eggleston v. State of Colorado*, 873 F.2d 242, 247 (10th Cir.1989).

of relation back. *United States v. 92 Buena Vista Ave., supra,* 507 U.S. at 126–28, 113 S.Ct. at 1136. In *92 Buena Vista Ave.* the Supreme Court noted that its understanding of how the Government's title to forfeited property relates back to the moment of forfeitability is contained in the much earlier case of *United States v. Stowell,* 133 U.S. 1, 16–17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890):

> By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, *although their title is not perfected until judicial condemnation;* the forfeiture constitutes a statutory transfer of the right to the United States at the time the offence is committed; and the condemnation, *when obtained,* relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.

In the instant case, then, the court finds that under 21 U.S.C. § 881(h) "all right, title, and interest" in the property which is the subject ·of this adversary proceeding vested in the United States no later than September 30, 1991 (the date the Government seized the property).[5] As a result, although the judgment of the district court was entered during the year preceding the debtor's filing of his petition in bankruptcy on February 24, 1993, the condemnation related back to a date preceding the one-year period for avoiding fraudulent transfers under § 548 of the Bankruptcy Code. In other words, the forfeiture constituted a statutory transfer of the right to the property to the United States at the time the debtor's offenses were committed, and there was—as a matter of law—no transfer during the one-year period preceding the debtor's petition in bankruptcy.

In the instant case, at least, this result is consistent with the Bankruptcy Code's definition of a "transfer." Although the Bankruptcy Code's definition of "transfer"[6] is extremely broad in its inclusion of the *types* of dispositions considered to be transfers, § 548 itself specifies *when* a transfer is *deemed* to have *occurred* for purposes of fraudulent transfers. For purposes of § 548, a transfer is made when it is valid against a subsequent bona fide purchaser:

> For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee....

11 U.S.C. § 548(d)(1).

"Although the term 'bona fide purchaser' is not defined in the Bankruptcy Code, it is generally understood to mean '[o]ne who has purchased property for value without notice of any defects in the title of the seller.'" *United States v. Hunter (In re Walter),* 45 F.3d 1023, 1030 (6th Cir.1995) (quoting *Black's Law Dictionary* 177 (6th ed. 1990)). Clearly, the fact that defendant's agents seized the property in this case on September 30, 1991, gave notice to the world that other interests were being asserted against the property and of the *debtor's* inability to transfer the seized assets to any potential purchaser. As a result, as of September 30, 1991, no transferee of the debtor could have gained rights superior to the defendant, and, therefore, under § 548(d) the transfer of the subject property is deemed to have occurred no later than September 30, 1991, more than one year prior to the debtor's bankruptcy petition. As a matter of law, then, the trustee may not prevail under 11 U.S.C. § 548.

■ The trustee also asserts that he may avoid the transfers of the debtor's assets under the Ohio Uniform Fraudulent Transfer

---

**5.** Obviously the acts giving rise to forfeiture must have occurred prior to September 30, 1991, but for purposes of this decision it is sufficient to find that such acts were committed at least by that date.

**6.** "'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54).

Act which is contained in Chapter 1336 of the Ohio Revised Code. Such state law is made available to the trustee by virtue of § 544(b) of the Bankruptcy Code which provides that:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b).

The purpose of § 544(b) is to give "the trustee the rights of *actual unsecured creditors* under applicable law to void transfers." H.R.Rep. No. 595, 95th Cong., 1st Sess. 370 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 85 (1978) U.S.Code Cong. & Admin.News 1978 pp. 5787, 5871, 6326 (emphasis supplied). Section 550 of the Bankruptcy Code further provides that the trustee may recover from the transferees all property transferred in violation of applicable law. As a result, the trustee stands in the shoes of the debtor's unsecured creditors, *Hayes v. Palm Seedlings Partners—A (In re Agricultural Research and Technology Group, Inc.)*, 916 F.2d 528, 534 (9th Cir.1990), but he acquires no greater rights of avoidance by operation of § 544(b) of the Bankruptcy Code than such creditors would themselves have under state law. *Kaliner v. Load Rite Trailers, Inc. (In re Sverica Acquisition Corp., Inc.)*, 179 B.R. 457, 466 (Bankr.E.D.Pa.1995).

It is his status as an actual unsecured creditor which reveals a flaw in the trustee's position in this adversary proceeding. Underlying the trustee's complaint and his memorandum of law is the premise that it is inequitable for the Government to be the sole beneficiary of the debtor's assets and that the debtor's creditors are entitled to share in any "tainted" property previously in the possession of the debtor. Such is not the case. "The federal courts have consistently held that an unsecured creditor has no standing to contest the forfeiture of seized property." *United States v. One 1965 Cessna 320C Twin Engine Airplane*, 715 F.Supp. 808, 812 (E.D.Ky.1989). Had an actual unsecured creditor attempted to assert rights under Chapter 1336 of the Ohio Revised Code during the pendency of the Government's forfeiture proceeding in federal district court against the debtor's property, the unsecured creditor would have been found to have no ownership or possessory interest in the seized property and to be without standing. The Bankruptcy Code does not subsequently clothe the trustee with greater powers than the actual unsecured creditor would have had to contest the Government's forfeiture action. While it is arguable that the court's interpretation of the forfeiture statute in this case may appear to cause a harsh result to the debtor's unsecured creditors, "it is a result frequently mandated by forfeiture procedures." *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir.1988) (in a case involving 21 U.S.C. § 853, a criminal forfeiture statute).

The plaintiff's remaining claims for relief are predicated upon his allegation that the Government received fraudulent transfers of property; since the court is finding that there were no fraudulent transfers, plaintiff's other requests for relief are moot.

In the opinion of the court, even if all factual allegations of the plaintiff's complaint were proven true, it appears—as a matter of law—that the plaintiff is not entitled to legal relief.

For the foregoing reasons, it is hereby ORDERED that plaintiff's complaint is DISMISSED.

