**Kenneth Roy MYERS, Debtor,**

**Yvette Gaff Kleven, Trustee, Plaintiff,**

**v.**

**Wesley C. Stewart, Defendant.**

**Bankruptcy No. 02–13974.**
**Adversary No. 03–1002.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 14, 2005.

Ward W. Miller, Fort Wayne, IN, for Plaintiff.

Chad B. Bechert, Mark A. Thoma, Fort Wayne, IN, for Defendant.

## DECISION [1]

ROBERT E. GRANT, Bankruptcy Judge.

Prior to filing bankruptcy, through a series of transactions, the debtor fraudulently conveyed $34,100 to the defendant. This adversary proceeding is one result. By itself, that is nothing unusual. Actions involving fraudulent transfers are a bread and butter staple of bankruptcy litigation. What makes this matter a bit different is

not the facts upon which it is based, but the relief the plaintiff/trustee seeks. Rather than just seeking to avoid the transfers and recover the money, the trustee seeks treble damages and attorney fees, for a total judgment in excess of $102,000. The action is based upon Indiana law and is being asserted through the powers the trustee has been given by § 544(b) of the United States Bankruptcy Code. 11 U.S.C. § 544(b).

Fraudulent conveyances can be challenged under Indiana's version of the Uniform Fraudulent Transfer Act, which has been codified at I.C. 32–18–2 et seq. The trustee contends, however, that Indiana law does more than just give creditors a cause of action as a result of a debtor's fraudulently conveying assets. She points out that it is a crime to transfer property with the intent to defraud one's creditors, I.C. 35–43–5–4(8), and that the transferee commits the same offense by knowingly or intentionally assisting someone in doing so. I.C. 35–41–2–4. Indiana law also allows the victims of certain crimes to recover up to three times their actual damages and attorney fees from the person who caused the loss. I.C. 34–24–3–1. One of these crimes is defrauding creditors—I.C. 35–43–5–4. Putting it all together, the trustee argues that the defendant committed the crime of defrauding creditors, by having knowingly or intentionally aided the debtor in making transfers with the intent to defraud creditors, so that an actual creditor of the debtor could bring an action for treble damages and attorney fees. Through § 544(b), the trustee contends that she can bring that same action for the benefit of all debtor's creditors.[2]

1. This matter is before the court following trial of the issues raised in this adversary proceeding. This decision supplements the findings of fact and conclusions of law previously announced in open court.

2. The court is not aware of any decisions that have even considered whether a plaintiff may use I.C. 34–24–3–1 to recover treble damages and attorney fees from the transferee of a fraudulent conveyance. The court also notes

■ It is often said that § 544(b) allows the trustee to step into the shoes of a debtor's creditors and take advantage of state law concerning fraudulent conveyances. *In re Agricultural Research & Technology Group*, 916 F.2d 528, 534 (9th Cir.1990); *In re Douglas*, 190 B.R. 831, 836 (Bankr.S.D.Ohio 1995). That is exactly what the trustee contends she is doing here: stepping into the shoes of an actual creditor of the debtor—Hoosier Insurance Company[3]—and asserting its rights under Indiana law as the result of the fraudulent conveyances to the defendant, rights which she believes include the opportunity to recover treble damages and attorney fees. Yet, regardless of whether the trustee's view of Indiana law is correct, her argument overlooks a significant structural limitation on the rights the trustee is given by § 544(b). That portion of the Bankruptcy Code does not give the trustee the power to pursue any action that might be brought by a debtor's creditors. *Wayne Film Systems Corp. v. Film Recovery Systems Corp.*, 64 B.R. 45, 51 (N.D.Ill.1986). *See also, In re Teligent*, 307 B.R. 744, 749 (Bankr.S.D.N.Y.2004); *In re Dow*, 132 B.R. 853, 861–62 (Bankr.S.D.Ohio 1991); *In re Southwest Equipment Rental, Inc.*, 102 B.R. 132 (E.D.Tenn.1989). It is only the power "to *avoid*" transfers or obligations that the trustee receives through § 544(b). 11 U.S.C. § 544(b)(emphasis added); *In re Teligent*, 307 B.R. at 749. Thus, the trustee is limited to the avoidance claim Hoosier Insurance could assert under the IUFTA; not the expanded version of that claim that might exist through I.C. 34–24–3–1. If the trustee seeks to do something other than avoid a particular transaction, the power to do so must come from somewhere other than § 544(b).

■ Section 544(a), which gives the trustee the status of a hypothetical creditor coming into existence on the date of the petition, is a source of authority for the trustee to do more than just avoid transactions. It also allows the trustee to take advantage of state law, but, while § 544(b) only allows the trustee to avoid transactions, section 544(a) gives the trustee all "the rights and powers of" that perfect hypothetical creditor, not just its ability to avoid.[4] 11 U.S.C. § 544(a). The trustee's

---

that whether Indiana's version of the Uniform Fraudulent Transfer Act allows a plaintiff to recover punitive damages is an open question, which the Seventh Circuit has recently certified to the Indiana Supreme Court. *DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338 (7th Cir.2004). Given the court's conclusion about the scope of the trustee's powers, the court accepts, without question, the trustee's view of Indiana law concerning the recovery of treble damages and attorney fees.

3. There is no dispute that Hoosier Insurance Company is a qualifying creditor of the purposes of § 544(b).

4. The difference between being given all the rights and powers of a hypothetical creditor and only the avoiding powers of actual creditors is a subtle but important distinction between § 544(a) and § 544(b). It is, however,

a distinction that helps explain such seemingly contradictory decisions as those which hold that only the trustee may prosecute an alter ego claim to pierce the veil of a corporate debtor, and hold its shareholders liable for the corporation's debts, and those which hold that the trustee has no standing to seek to hold a corporate debtor's shareholders liable for a particular debt. *Compare, Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987) *with, Steinberg v. Buczynski*, 40 F.3d 890 (7th Cir.1994). In the first instance, the trustee would be acting pursuant to § 544(a) and exercising the broader "rights and powers" of a hypothetical creditor. In the second, because no one other than the creditor itself would be interested in piercing the corporate veil as to a particular debt, the trustee would be acting as an actual creditor pursuant to § 544(b), and could only exercise the limited power "to avoid" transactions.

counsel seems to have had § 544(a) in mind when, at oral argument, he emphasized that this action should be viewed as a "general" claim which should be prosecuted for the benefit all creditors, rather than one which is "personal" to a particular creditor, because it involves factual allegations and conduct that are common to all debtor's creditors.[5] All that is true. Since the debtor acted with the intent to hinder, delay or defraud when making the transfers to the defendant, those transfers could be challenged by any creditor regardless of whether the claim arose before or after the transfers were made. I.C. 32–18–2–14. As a result, the trustee was not limited to invoking § 544(b). Exercising the rights and powers of the hypothetical lien creditor, the trustee could have challenged the transactions through § 544(a). That would not, however, have allowed the trustee to recover treble damages and attorney fees pursuant to I.C. 34–24–3–1. That statute can only be invoked by one who "suffers a pecuniary loss" because of the underlying crime, and the hypothetical creditor whose powers the trustee wields through § 544(a) sustains no such loss and has no "actual damages" that are capable of being multiplied. *Cf., In re Johnson,* 28 B.R. 292, 296 (Bankr.N.D.Ill.1983)(by invoking § 544(a) the trustee "steps into the shoes of a non-existent creditor.").

■ Section 550 of the Bankruptcy Code also acts as a limitation upon the trustee's ability to recover treble damages because it specifies the transferee's liability as the result of an avoided transaction. The trustee may recover "either the property transferred or . . . the value of such property." 11 U.S.C. § 550(a). Conse-

quently, it is the Bankruptcy Code and not state law that determines the defendant's liability when a transfer is avoided. The trustee's argument has overlooked this fact. State law only determines the right to recover, by supplying the rules that decide whether a transaction is avoidable; if it is, the Bankruptcy Code determines what may be recovered. *In re Acequia, Inc.* 34 F.3d 800, 809 (9th Cir.1994).

Section 550 is often seen as freeing the trustee from restrictions that might be imposed by state law when the trustee proceeds through § 544(b). State law could limit the trustee's recovery to the amount owed the creditor whose rights were invoked. *In re Integrated Agri, Inc.,* 313 B.R. 419 428 (Bankr.C.D.Ill.2004). *See also,* I.C. 32–18–2–18(b)(creditor may recover the lesser of the value of the property transferred or the amount needed to satisfy the creditor's claim). Section 550 cuts the trustee loose from this limitation and allows it to recover the entire value of the property transferred, even if it exceeds the debt to the creditor that provided the basis for the action. *Matter of Leonard,* 125 F.3d 543, 544–45 (7th Cir.1997); *In re Acequia, Inc.,* 34 F.3d at 809; *In re Integrated Agri, Inc.,* 313 B.R. at 428. While § 550 often works to enhance the trustee's recovery beyond what state law would allow, in this case it has a different effect, and reduces the trustee's recovery to something less than what the creditor might have been able to recover.

■ In response to the suggestion that there might be a difference between what Hoosier Insurance could potentially recov-

---

**5.** Although § 544 does not use either term, characterizing a particular claim as personal or general has become a shorthand—and not entirely clear—way of trying to distinguish between transactions, such as contracts, torts, and guarantees, that create rights belonging only to the particular parties involved and other transactions, such as fraudulent conveyances, that create rights that can be asserted by those not involved in the conduct giving rise to those rights.

er under state law and what the trustee may recover by taking advantage of that creditor's rights via § 544(b), counsel argued that it makes no sense for the trustee to recover less than what the creditor might when the trustee is prosecuting the very same cause of action but doing so for the benefit of *all* creditors, not just for a single creditor. As for whether it makes sense for there to be a difference between what the trustee and a creditor can recover by prosecuting the same cause of action, that is a decision Congress made when it enacted § 550 and the court's job is to enforce the statute as written, not redraft or try to improve upon it. *Hartford Underwriters Ins. Co. v. Union Planters Bank, NA,* 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000). Moreover, the state law fraudulent conveyance action the trustee can bring through § 544(b) is not the same cause of action as the claim for treble damages and attorney fees under I.C. 34–24–3–1. Under the Indiana UFTA, the intent of the transferee is not relevant. It is the debtor/transferor who must act with the intent to hinder, delay or defraud for a transfer to be avoidable as actually fraudulent. I.C. 32–18–2–14. To recover treble damages, however, the plaintiff would be required to prove not only that the debtor acted with the intent to defraud, I.C. 35–43–5–4(8), but also that the transferee "knowingly and intentionally" aided the debtor in carrying out its plan. I.C. 35–41–2–4. Thus, the treble damage claim requires proof of everything needed to successfully avoid an actual fraudulent conveyance and more. As such, the two claims are not the same.[6] *Burrell v. Jean,* 196 Ind. 187, 146 N.E. 754, 759 (1925).

The Trustee is entitled to recover the sum of $34,100 from the defendant, Wesley C. Stewart, together with the costs of this action. Judgment will be entered accordingly.

---

6. That the two claims may be different does not mean that creditors may pursue treble damage and attorney fee claims free from the constraints of the bankruptcy and the automatic stay. *See e.g., Fisher v. Apostolou,* 155 F.3d 876 (7th Cir.1998); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096 (2nd Cir.1988).