**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellant,**

v.

**Jerry B. DYE, Defendant-Appellee.**

No. 79–3513.

United States Court of Appeals, Fifth Circuit.
Unit B

April 17, 1981.

---

**834**

Hull, Towill, Norman, Barrett & Johnson, David E. Hudson, Augusta, Ga., for plaintiff-appellant.

Burnside & Wall, Thomas R. Burnside, Jr., Augusta, Ga., for defendant-appellee.

Before KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges, and ALLGOOD,* District Judge.

* District Judge of the Northern District of Alabama, sitting by designation.

KRAVITCH, Circuit Judge.

This is an appeal by the plaintiff Federal Deposit Insurance Corporation [FDIC] from the denial of its motion for summary judgment on four counterclaims of defendant Jerry Dye.[1] FDIC sued Dye on thirteen notes of which Dye was either maker or guarantor. Dye's primary counterclaim, certified and accepted for appeal under 28 U.S.C. § 1292(b), was that FDIC's advertisements of foreclosure sales of property securing five of the notes exceeded the requirements under Georgia law and thereby violated the Privacy Act, 5 U.S.C. § 552a. We hold that because the information in FDIC's extra advertisements was public, FDIC did not violate the Privacy Act. We thus reverse on the Privacy Act counterclaim. We decline to rule on the other three counterclaims for want of subject matter jurisdiction, as they are not final orders nor appealable interlocutory orders under 28 U.S.C. § 1292(b).

*Facts*

On May 20, 1977, First Augusta Bank & Trust Co. [FABT] was placed in receivership; FDIC was appointed receiver. To facilitate the sale of FABT's operating assets to another bank, FDIC as receiver sold FABT's less desirable assets to itself as a corporation. Also on May 20, the superior court approved the contract for this sale. Included in these assets were thirteen notes on which Dye was either maker or guarantor and security deeds for five of the notes.

Under a power of sale contained in the security deeds, FDIC attempted to foreclose on property pledged to secure five of the notes. *Ga. Code Ann.* § 67–1506 requires that a foreclosure sale pursuant to a power granted in a security deed be advertised in the county in which the real estate is located. In January of 1978, FDIC advertised the foreclosure sale of four Columbia County parcels not only in the legal organ of Columbia County, but also in the newspaper in Augusta, Richmond County, the adjoining, more populous county where Dye "prin-

1. This is a companion case to *FDIC v. Jerry Dye*, 642 F.2d 837 (5th Cir. 1981).

cipally practices law." FDIC also mailed notices to Augusta realtors; its liquidator discussed Dye's financial condition with members of the local banking community in Augusta. Dye maintains that FDIC did this with knowledge that he had extensive dealings in real estate. The advertisements in Columbia County were repeated twice in subsequent months due to an error. The Richmond County advertisements were not repeated because appellee voiced his opposition. None of the advertisements named or identified appellee but did publicize the defaults by three businesses in which Dye had an interest, Trident Realty, Inc., Ja-Lynn Co., and Dye Brothers Builders, Inc., and by L. P. Dye, Jr., Dye's brother.

In FDIC's suit on the notes, Dye counterclaimed for damages under the Privacy Act based on the "disclosures" made in Richmond County of the above defaults, disclosures which were not required under Georgia law (but were not prohibited). Dye also sought by way of counterclaim: 1) recovery of $50,200 owed to his law firm; 2) a proportionate part of the amount received by FDIC for the benefit of FABT shareholders of which Dye was one; and 3) the amount realized from the sale of security at foreclosure sales.

The district court denied FDIC's motion for summary judgment on Dye's counterclaims but determined pursuant to 28 U.S.C. § 1292(b) that there "was substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." [2] By an order dated October 12, 1979, this court granted FDIC's leave to appeal from the denial of summary judgment.

The primary issues on appeal are:

1) Whether FDIC's advertisements and mailings in Richmond County were disclosures within the Privacy Act.

2) Whether this court has jurisdiction to review the denial of summary judgment on the other counterclaims.

As noted in *FDIC v. Dye*, 642 F.2d 837 (5th Cir. 1981):

> Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When the parties' dispute is factual, the "burden of proof falls upon the party seeking the summary judgment, and all reasonable doubts as to the existence of a genuine issue of material fact 'must be resolved against the moving party.'" *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). "On the other hand, one who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial, or at the very least stating reasons why he cannot do so." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978).

The district court's order denying summary judgment under the above standards is a discretionary decision and should be reversed only where the court has abused that discretion. *See National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647 (5th Cir. 1962).[3]

The basic provision of the Privacy Act under which Dye counterclaimed is § 552a(b) which provides in relevant part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . .

---

2. The court did not clearly indicate whether it was certifying all the counterclaims or only the Privacy Act question.

3. Under *National Screen*, we review a grant of summary judgment independently, as we would a question of law.

(3) for a routine use as defined in subsection (a)(7) and described under subsection (e)(4)(D) of this section.

The definitional section, § 552a(a), states:

(4) the term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph. . . .

(7) the term "routine use" means, with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected.

The remedy for a violation is provided in § 552a(g):

(1) Whenever any agency . . .

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency . . .

(4) In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—

(A) actual damages . . . ; and

(B) the costs of the action together with reasonable attorney fees as determined by the court.

 FDIC makes several arguments as to why it is not liable under the Privacy Act.[4] We need only discuss one: whether the release of information previously published in an adjoining county is a "disclosure" under the Act. A dissemination of information to a person or persons who were previously aware of the information is not a disclosure under the Privacy Act. *Harper v. United States*, 423 F.Supp. 192 (D.S.C. 1976). Moreover, the release of public information to the same "public" is not a disclosure. *King v. Califano*, 471 F.Supp. 180 (D.D.C. 1979). Here, there was no showing that the realtors who received mailings or those who read the Richmond County advertisements were aware of the defaults disclosed. However, the information was legally published in Columbia County, the adjoining county. We find it a compelling inference that foreclosure sales publicized in Columbia County are or naturally become public information in adjoining Richmond County especially where the sales concern Richmond County businesses and businessmen. Thus, proof of such dissemination in Columbia County shifted the burden to Dye to produce some evidence that the defaults were not public information in Richmond County. *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978). Dye produced no such evidence by deposition or affidavit. We therefore hold that the district judge abused his discretion in denying FDIC's motion for summary judgment on the Privacy Act counterclaim.[5]

Neither party discusses this court's jurisdiction to review the denial of summary judgment on the remaining counterclaims. However, we raise the jurisdictional issue

---

**4.** FDIC argues that its disclosures did not pertain to Dye as an individual (*see Cell Associates, Inc. v. National Institutes of Health*, 579 F.2d 1155 (9th Cir. 1978)), that the extra advertising was routine use under § 552a(b)(3), and that FDIC did not act with the malice required by § 552a(g)(4).

**5.** Dye maintains that there is an issue as to whether the FDIC liquidator made disparaging remarks about Dye's business judgment to Augusta realtors. Even if the liquidator made such remarks, they would not constitute a violation of the Privacy Act since the statements would not be "records," but only opinions. *See King v. Califano*, 471 F.Supp. 180 (D.D.C. 1979).

*sua sponte. Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980).

FDIC in its petition for leave to file an appeal from an interlocutory order under 28 U.S.C. § 1292(b) raised only the Privacy Act question; hence, this court's order granting leave did so only with respect to that issue. We do not have jurisdiction to review unrelated interlocutory orders[6] which we have not accepted for appeal pursuant to § 1292(b). *See Time, Inc. v. Ragano*, 427 F.2d 219 (5th Cir. 1970) (only order before the court is the one for which leave was granted to appeal); *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970) (dicta).[7]

### Conclusion

We reverse the denial of summary judgment on the Privacy Act counterclaim and remand for the district court to enter summary judgment for FDIC. We have no jurisdiction over the other appeals.[8]

REVERSED AND REMANDED.

---

**6.** Although grouped nominally in the same order, the denials of summary judgment on the other three unrelated counterclaims should be considered different orders under § 1292(b). *See generally Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970) (party should not be allowed to use valid appeal as vehicle for making other appeals which would otherwise be impermissible).

**7.** Although *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086 (5th Cir. 1973) indicates in dicta that this court would have jurisdiction to consider other issues (*see also Myers v. Gilman*, 544 F.2d 837, *modified on other grounds on rehearing*, 556 F.2d 758 (5th Cir. 1977)), the case is distinguishable since it deals with deciding the merits on an appeal under § 1292(a) from a denial of a preliminary injunction; *Mercury Motor* thus involves neither a § 1292(b) appeal nor jurisdiction to decide an *unrelated order on a separate claim. Cf. Decker v. Independence Corp.*, 311 U.S. 282, 290–91, 61 S.Ct. 229, 234–35, 85 L.Ed. 189 (1940) (order, the resolution of which would not affect the consideration of a claim underlying a prayer for injunctive relief, held not appealable in conjunction with appeal of interlocutory order regarding injunctive relief).

**8.** As we have no jurisdiction over the counterclaims, we do not remand them. They remain before the district court without further action on our part.