**Andrew HOLLIS, Appellant,**

v.

**U.S. DEPARTMENT OF the ARMY.**

No. 86–5598.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 7, 1987.

Decided Sept. 16, 1988.

---

Lawrence M. Baskir, Washington, D.C., for appellant.

Jeffrey Hunter Moon, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROBINSON and EDWARDS, Circuit Judges, and PARKER,* Senior District Judge.

Opinion for the Court filed by Circuit Judge SPOTTSWOOD W. ROBINSON, III.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

This litigation concerns the propriety of two accountings by the Department of the Army of deductions made from a soldier's pay to effectuate a child-support allotment. Appellant, Andrew Hollis, sues on the theory that releases of that information—first to the congressman and later to the attorney of his ex-wife, Phyllis D. Hollis—transgressed the Privacy Act.[1] The District Court dismissed the action for failure to state an actionable claim.[2] We conclude that the questioned disclosures were not forbidden by the Act, and accordingly we affirm.

## I. BACKGROUND

Andrew and Phyllis Hollis were divorced in Michigan in 1973. He then was a sergeant in the Army. The Michigan court ordered him to maintain for specified periods the usual military allotment for the three minor children of the marriage.[3] About ten years later, Phyllis Hollis, asserting that her ex-husband had only "marginally" complied with the order, asked the Army's Finance and Accounting Center to furnish to her attorney a record of the amounts deducted from his pay and presumably remitted to her.[4] Somewhat later, through her attorney, she called upon her congressman for help, and he wrote a letter in her behalf.[5] The Army then responded, revealing to the congressman the child-support deductions during part but not all of the period following the divorce,[6] and the congressman forwarded this information to Phyllis Hollis.

Subsequently, Phyllis Hollis' attorney solicited a sworn statement incorporating the same data.[7] The Army again complied,[8] and afterwards the child-support payments were judicially declared to be in arrears.[9] The parties eventually settled the matter of back payments.[10]

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 294(d).

1. 5 U.S.C. § 552a (1982 & Supp. IV 1986).

2. *Hollis v. Department of Army*, Civ. No. 85–3218 (D.D.C. July 21, 1986) (order and memorandum) at 1, Joint Appendix (J.App.) 23.

3. *Hollis v. Hollis*, No. 731–021B (Kalamazoo County, Mich., Cir.Ct., Dec. 6, 1973) at 3, J.App. 31a.

4. Letter from Phyllis D. Hollis to U.S. Army Finance Center (Feb. 7, 1983), J.App. 34a.

5. Letter from Rebecca Lane Reed to Fran Crowson, Staff Assistant (May 23, 1983), J.App. 36a;

Letter from Rep. J. Kenneth Robinson to Ms. R. Wright (June 2, 1983), J.App. 38a.

6. Letter from Colonel J.R. Bain to Rep. J. Kenneth Robinson (June 20, 1983), J.App. 39a.

7. Letter from Rebecca Lane Reed to Colonel J.R. Bain (Apr. 5, 1984), J.App. 43a.

8. Affidavit of Dorothy M. Williams, J.App. 45a.

9. *Hollis v. Hollis*, No. 6343–3 (Stafford County, Va., Juv. & Dom.Rel.Dist.Ct., Mar. 26, 1984) (order), J.App. 56a.

10. Agreement of Child Support (July 14, 1986), J.App. 58. Thereafter, the declaration of arrearage was rescinded and support proceedings were terminated. *Hollis v. Hollis*, No. 6343–3

In the case at bar, Andrew Hollis charges that the Army's accountings to the congressman and the attorney of the child-support deductions violated the Privacy Act, causing him "great loss and embarrassment."[11] The District Court, on the Army's motion, dismissed his complaint under Federal Civil Rule 12(b)(6)[12] for failure to state a claim upon which relief could be granted.[13] The court held that no disclosure within the meaning of the Act had occurred because Phyllis Hollis, as the direct recipient of the child-support payments, already knew what had been remitted to her.[14] Additionally, the court, noting that materials mandatorily disclosable under the Freedom of Information Act (FOIA)[15] are excluded from the Privacy Act's strictures,[16] reasoned that provision of the allotment record to Phyllis Hollis did not constitute "a clearly unwarranted invasion of [Andrew Hollis'] personal privacy" under FOIA Exemption 6,[17] and thus that its release was required by FOIA.[18]

Andrew Hollis presses three primary theses here. First, he argues that the District Court drew from materials outside his complaint factual inferences favorable to the Army, and impermissibly transformed the Army's motion to dismiss into a motion for summary judgment.[19] Second, he insists that release of the child-support record was proscribed by the Privacy Act, and that in any event there was a factual dispute precluding summary judgment.[20] Third, he asserts that FOIA did not compel the Army to disclose this information, and that the District Court misapplied the factors relevant to the FOIA Exemption 6 balancing test.[21] We turn to analyze these contentions to the extent that they bear on our disposition.[22]

## II. THE MOTION TO DISMISS

■ There was an early period during which some courts held that on a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief could be granted, materials extrinsic to the complaint could not be considered.[23] Since 1948, however, Rule 12(b) has provided that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."[24] Nonetheless, the court's authority to turn a motion to dismiss into one for summary-judgment is not wholly unbridled. When a motion to dismiss is converted into a motion for summary judgment, Rule 12(b) provides that "all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."[25] Rule 56(c) requires a summary-judgment motion to be served at least ten days before the time

(Stafford County, Va., Juv. & Dom.Rel.Dist.Ct., Aug. 11, 1986) (order), J.App. 60a.

11. Complaint ¶ 11, *Hollis v. Marsh,* Civ. No. 85–0689 (E.D.Va.) (filed June 13, 1985), J.App. 3a. This suit, for declaratory relief and damages, was brought in the District Court for the Eastern District of Virginia, which dismissed the Secretary of the Army as the defendant, substituted the Department of the Army, and transferred the case to the District Court for the District of Columbia. *Hollis v. Department of Army, supra* note 2, at 2–3, J.App. 24a–25a.

12. Fed.R.Civ.P. 12(b)(6).

13. *Hollis v. Department of Army, supra* note 2.

14. *Id.* at 4–5, J.App. 26a–27a.

15. 5 U.S.C. § 552 (1982 & Supp. IV 1986).

16. *Id.* § 552a(b)(2).

17. *Id.* § 552(b)(6).

18. *Hollis v. Department of Army, supra* note 2, at 5–6, J.App. 27a–28a.

19. Brief for Appellant at 5–13.

20. *Id.* at 24–29.

21. *Id.* at 14–23.

22. Since we affirm the District Court's ruling that there was no disclosure prohibited by the Privacy Act, we need not and do not address the question whether FOIA mandated the releases.

23. E.g., *Cohen v. United States,* 129 F.2d 733, 736 (8th Cir.1942). But see, in this circuit, *National War Labor Bd. v. Montgomery Ward & Co.,* 79 U.S.App.D.C. 200, 203 & n. 10, 144 F.2d 528, 531 & n. 10, *cert. denied,* 323 U.S. 774, 65 S.Ct. 134, 89 L.Ed. 619 (1944).

24. Fed.R.Civ.P. 12(b)(6).

25. *Id.*

fixed for hearing, and allows the parties to support or oppose the motion with specified materials, including extrinsic matter presented by affidavit, deposition or in some other fashion. Then, if there "is no genuine issue as to any material fact ... and the moving party is entitled to a judgment as a matter of law," the motion must be granted; otherwise, it must be denied.[26]

When the District Court made the ruling contested here, it had before it Andrew Hollis' complaint, the Army's motion to dismiss and attached exhibits, and the opposition to that motion. There is no indication in the record that the court excluded any of these materials, nor did the court announce that it would deal with the motion as one for summary judgment. This, it is urged, was reversible error, but we cannot subscribe to this position.

There was substantial agreement between the parties respecting the facts constituting the predicate for the District Court's determination that there had been no disclosure actionable under the Privacy Act. The complaint contained only a skeletal recital, but the Army's memorandum advocating dismissal summarized the context, including specific references to the child-support allotment[27] to Phyllis Hollis as the direct recipient of the support payments,[28] and to the several requests for the allotment record and the Army's response thereto.[29] Attached to the Army's memorandum were copies of the documents attesting these facts.[30] Not only did the memorandum in opposition to the Army's motion rely upon some of the same factual materials,[31] but it also stated explicitly that "[t]he background set forth in Defendant's Memorandum is essentially correct."[32]

This acknowledgement seals the fate of the procedural assault on the District Court's ruling. It was nothing less than a concession that the critical facts, as portrayed by the Army, were not and could not be contested. Since Rule 12(b)'s notice-and-opportunity requirement is designed to "insure[ ] that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proof to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment,"[33] no useful purpose can be served by its application where it is clear that the dispositive facts will remain undisputed and unchanged. By the same token, no prejudice can result from its nonobservance in any situation of that sort.[34] Since it appeared without controversy that Phyllis Hollis was the designated payee of the child-support allotment and that the information obtained from the Army concerned only the payments made pursuant thereto, the District Court had before it an ample basis for determining whether release of that information impinged upon the Privacy Act.

## III. THE PRIVACY ACT

The Privacy Act forbids an agency to "disclose any record which is contained in a system of records by any means of communication to any person ... except pursuant to a written request by, or with

---

**26.** *Id.* 56(c); see also *id.* 56(f).

**27.** Defendant's Memorandum in Support of the Motion to Dismiss, *Hollis v. Department of Army,* Civ. No. 85–3218 (D.D.C.) (filed Mar. 12, 1986) at 1, J.App. 6a.

**28.** *Id.* at 1, 4, 5, 8, J.App. 6a, 9a, 10a, 13a.

**29.** *Id.* at 1–2, 3, J.App. 6a–7a, 8a.

**30.** *Id.* Exhibits 1A, 1B, 2A, 2B, 3, 5, 6A, 6B, J.App. 29a, 34a, 36a, 38a, 39a, 43a, 44a, 45a.

**31.** Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, *Hollis v. Department of Army,* Civ. No. 85–3218 (D.D.C.) (filed Mar. 27, 1986), J.App. 17a–21a.

**32.** *Id.* at 1, J.App. 17a.

**33.** Fed.R.Civ.P. 12(b) advisory committee's note.

**34.** See *Norman v. McCotter,* 765 F.2d 504, 507–508 (5th Cir.1985); *Chicago–Midwest Meat Ass'n v. City of Evanston,* 589 F.2d 278, 281–282 (7th Cir.1978), *cert. denied,* 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979). As the Seventh Circuit has stated, "[w]here no potential disputed material issue of fact exists, a summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed." *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 391 (7th Cir.), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981).

the prior written consent of, the individual to whom the record pertains...." [35] We do not doubt that the compilation of the child-support payments made to Phyllis Hollis was a record within the meaning of the Act.[36] The District Court was convinced, however, that communication of these data on request of her representatives—her congressman and her attorney—was not the sort of disclosure proscribed by the Act.[37] The court depicted prohibited disclosure as " 'the imparting of information which in itself has meaning and which was previously unknown to the person to whom it is imparted.' " [38] Since the Army had remitted the child-support payments directly to Phyllis Hollis, the court reasoned that she learned nothing from the transmitted record of which she was not already aware. Other courts have echoed the sentiment that when a release consists merely of information to which the general public already has access,[39] or which the recipient of the release already knows,[40] the Privacy Act is not violated.

Issue is taken with the District Court's analysis on the ground that it necessitated an inference favorable to the Army—that Phyllis Hollis had knowledge of the released data. If, indeed, that were true, we would be faced with a technique improper under both Rules 12(b)(6) and 56.[41] The objection, however, is overstated, for the notion underlying it is simply that "one does not request nor have need to request information already known." [42] While that may be a correct statement of a general trait of human behavior, it does not withstand scrutiny here. Both Phyllis Hollis and her attorney, in their respective requests for the allotment record, indicated to the Army plainly enough that it was needed for purposes of imminent litigation over past-due payments.[43] Any countervailing inference would have to ignore the undeniable fact that Phyllis Hollis was the designated recipient of the child-support allotment, and as such the payee of all checks issued in accordance therewith. It is well-nigh inconceivable that one would receive a check without knowing when, or negotiate it without knowing the amount for which it was drawn. We think the record permitted but one reasonable conclusion, and that conclusion negated the existence of any disclosure violative of the Privacy Act.

**35.** 5 U.S.C. § 552a(b) (1982).

**36.** The Act defines a record as "any item, collection or grouping of information about an individual that is maintained by an agency...." *Id.* § 552a(a)(4).

**37.** *Hollis v. Department of the Army, supra* note 2, at 4–5, J.App. 26a–27a.

**38.** *Id.* at 5, J.App. 27a (quoting *Harper v. United States,* 423 F.Supp. 192, 197 (D.S.C.1976)).

**39.** *Federal Deposit Ins. Corp. v. Dye,* 642 F.2d 833, 836 (5th Cir.1981); *King v. Califano,* 471 F.Supp. 180, 181 (D.D.C.1979).

**40.** *Pellerin v. Veterans Admin.,* 790 F.2d 1553, 1556 (11th Cir.1986).

**41.** *Haase v. Sessions,* 266 U.S.App.D.C. 325, 327, 835 F.2d 902, 904 (1987) ("[i]n both instances, disputed facts must be construed in the light most favorable to plaintiff"); see *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970) ("material lodged [in connection with Rule 56 motion] must be viewed in the light most favorable to the opposing party"); *Doe v. Department of Justice,* 243 U.S.App.D.C. 354, 364, 753 F.2d 1092, 1102 (1985) (when deciding a Rule 12(b)(6) motion, "the factual allegations of the complaint must be taken as true and *any* ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader") (emphasis in original); *Sinclair v. Kleindienst,* 229 U.S.App.D.C. 13, 15, 711 F.2d 291, 293 (1983) ("complaint must be construed liberally and most favorably to the pleader"); *National Ass'n of Gov't Employees v. Campbell,* 192 U.S.App. D.C. 369, 373, 593 F.2d 1023, 1027 (1978) ("all 'inferences to be drawn from the underlying facts obtained in [the movant's] materials must be viewed in the light most favorable to the party opposing the [summary-judgment] motion' ") (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962)).

**42.** Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, *Hollis v. Department of Army,* Civ. No. 85–3218 (D.D.C.) (filed Mar. 27, 1986) at 3, J.App. 19a.

**43.** Letter from Phyllis D. Hollis to U.S. Army Finance Center (Feb. 7, 1983) J.App. 34a; Letter from Rebbecca Lane Reed to Colonel J.R. Bain (Apr. 5, 1984) J.App. 43a.

The judgment of the District Court is accordingly

AFFIRMED.