966 F.2d 1442
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John B. LEE, JR., Plaintiff-Appellant,
v.
Roderick DEARMENT; Office of Workers Compensation Program,
Defendants-Appellees.
 No. 91-2175.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1992
Decided: June 3, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-91-166-A)
 George E. Tuttle, Jr., Springfield, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Paula P. Newett, Assistant United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John B. Lee, Jr., appeals the district court's order granting summary judgment to Defendants and dismissing Lee's complaint filed under the Privacy Act. 5 U.S.C.A. § 552a (West 1977 & Supp. 1992). We have reviewed the record de novo, and conclude that summary judgment was proper because there are no genuine issues of material fact and Defendants are entitled to prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). We therefore affirm.
 
 
 2
 Lee is a former Special Agent of the Federal Bureau of Investigation. He retired on disability on March 3, 1982. Soon thereafter, he began receiving disability payments from the Prudential Insurance Company ("Prudential") under a federal benefit policy sponsored by the Special Agent Mutual Benefits Association, Inc. ("SAMBA"). In the period of time from his retirement until sometime in 1989, Lee received a total of $104,260.67 in such payments.
 
 
 3
 Lee also attempted to receive benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C.A. # 8E8E # 8101-8193 (West 1980 & Supp. 1992), which is administered by the Office of Workers' Compensation Programs ("OWCP"). In his attempts to receive such benefits, which may not be received contemporaneously with SAMBA benefits, he filed suit against the Department of Labor and the OWCP claiming that the delay in receiving FECA benefits violated his due process rights. Lee v. United States, CA No. 88-1205-A (E.D. Va. 1988). In the course of that litigation, the benefits being received by Lee under FECA were discussed in open court.
 
 
 4
 On October 7, 1988, during the pendency of the civil action, Prudential sent a letter to the OWCP asking to be informed of any benefits paid to Lee so that such payments could be offset against his SAMBA policy. The OWCP responded by letter dated October 11, 1988, stating that it would not release such information unless and until authorized by Lee.
 
 
 5
 On December 16, 1988, the OWCP filed a motion to dismiss, or, in the alterative, for summary judgment, in Civil Action No. 88-1205A. Attached to the motion was the declaration of Ora T. Wright, Chief of Claims, OWCP District Twenty-five, stating the amount paid to Lee, including a discussion of adjustments, the medical expenses paid by the OWCP, and the illnesses accepted as work related.
 
 
 6
 On January 13, 1989, the district court held a hearing on crossmotions for summary judgment. In the course of that proceeding, Lee confirmed that he was electing benefits under FECA in preference to any benefits for which he was eligible under the Civil Service Retirement Act, which includes SAMBA. The record is also clear that Lee chose to receive retroactive benefits dating back to March 1, 1982, in the amount of approximately $278,578.24.
 
 
 7
 Based on the litigation, Prudential requested reimbursement from Lee for the amount owed it under the SAMBA offset provisions. Lee refused. On February 6, 1989, Wright sent Prudential the following information regarding Lee's compensation benefits: (1) the effective date of the award of benefits; (2) the amount of civil service retirement benefits deducted from the retroactive disability award; and (3) the amount of benefits Lee was receiving every twenty-eight days. Prudential then filed a civil action for reimbursement. Prior to trial, the parties settled. Under the terms of the settlement, Lee was to pay Prudential $50,000 in consideration for the release of all claims and counterclaims against Lee.
 
 
 8
 On February 6, 1989, Lee requested a lump sum distribution of his FECA benefits. He appealed the OWCP's January 23, 1989, denial of this request to the Employees' Compensation Appeals Board, which remanded to the OWCP for reconstruction of the record and a de novo review on the merits of the request. The OWCP again denied the request for lump sum distribution on October 29, 1990.
 
 
 9
 From April 1990 until October 1990, the House Subcommittee on Labor Standards ("Subcommittee") conducted an investigation into the administration of the OWCP's compensation programs. In the course of this investigation, it made numerous requests to the OWCP for information concerning physician referrals, timeliness of benefit payments, categories of disabilities, and administration of lump sum payments. The chairman of the Subcommittee, Austin J. Murphy, requested information from the OWCP regarding the status of Lee's compensation claim, specifically with respect to his request for lump sum distribution. In response, the OWCP's director, Lawrence Rogers, met with counsel for the Subcommittee and provided a copy of the agency's decision denying Lee's request for lump sum distribution.
 
 
 10
 Lee filed a complaint pursuant to the Privacy Act, 5 U.S.C.A. § 552a, on February 4, 1990, against the acting Secretary of Labor and the OWCP based on the disclosures of Wright and Rogers. The district court granted Defendants' motion for summary judgment. This appeal followed.
 
 
 11
 The Privacy Act ("Act") generally prohibits an agency from disclosing records about individuals without the prior written consent of the individual to whom the record pertains. 5 U.S.C.A. § 552a(b). Two of the many exceptions to this general prohibition are applicable to the releases of information at issue in this case.
 
 I.Wright's Disclosure
 
 12
 The OWCP does not dispute that Wright sent the Prudential the February 6, 1989, letter and that the information contained therein is of the type generally covered by the Act. However, the district court properly held that the Act does not prohibit disclosure of information which is already open to the public, or if the receiver already knew of it. See Hollis v. United States Dep't of Army, 856 F.2d 1541, 1545 (D.C. Cir. 1988); Federal Deposit Ins. Corp. v. Dye, 642 F.2d 833, 836 (5th Cir. Unit B 1981); Harper v. United States, 423 F. Supp. 192 (D.S.C. 1976). Because Wright's declaration and other court documents and argument were part of the public record by virtue of their disclosure in the first civil proceeding, the OWCP's subsequent disclosure of the information contained therein did not violate the Act. We therefore affirm with respect to this claim.
 
 II.Roger's Disclosure to the Subcommittee
 
 13
 The OWCP's Director, Lawrence Rogers, disclosed information concerning the processing of Lee's claim for FECA benefits to James Riley, counsel for the Subcommittee, in response to Riley's request for such information. Disclosures to "either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof," are exempted from the general disclosure prohibitions of the Act. 5 U.S.C.A. § 552a(b)(9).
 
 
 14
 In opposition to Defendants' motion for summary judgment, Lee submitted transcripts of telephone calls he made to Michael E. Johns, an investigator for the Subcommittee; Fred McLuckie, an Administrative Assistant to Congressman Murphy, the chairman of the Subcommittee; and to Riley. He contends that these transcripts evidence improper motives on the part of the Subcommittee and its staff and therefore, improper motive in the disclosure of information about him to the Subcommittee. However, these transcripts do not rebut Rogers's affidavit stating that Rogers submitted only a copy of the OWCP's decision in Lee's case at the request of Murphy and the Subcommittee. Moreover, Lee has not raised a material issue of fact as to Rogers's motive or as to the propriety of his disclosure to the Subcommittee under the Act. Accordingly, we affirm as to this claim.
 
 III.Denial of Discovery Motion
 
 15
 Lee also objects to the district court's handling of discovery matters. However, his specific point of contention is unclear from the briefs. Lee does state that he needed more discovery to "illuminate Mr. Lee's allegation of a collateral and improper motive in writing to Prudential's lawyers." We do not believe the district court abused its discretion in any way with respect to discovery matters.
 
 IV.Conclusion
 
 16
 For the reasons stated, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED