RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0262p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

KATHY LITTLE; GREG WALKER; DEBRA L. WALKER; RICHARD EVANS; PHILLIP WHITAKER; FAYE WHITAKER, on behalf of themselves and all others similarly situated,

          *Plaintiffs-Appellees,*

*v.*

LOUISVILLE GAS & ELECTRIC COMPANY; PPL CORPORATION,

          *Defendants-Appellants.*

No. 14-6499

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:13-cv-01214—Joseph H. McKinley, Jr., Chief District Judge.

Argued: August 6, 2015

Decided and Filed: November 2, 2015

Before: SILER, ROGERS, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Paul D. Clement, BANCROFT PLLC, Washington, D.C., for Appellants. Steve W. Berman, HAGENS BERMAN SOBOL SHAPIRO LLP, Seattle, Washington, for Appellees. **ON BRIEF:** Paul D. Clement, Erin E. Murphy, BANCROFT PLLC, Washington, D.C., Sheryl G. Snyder, Jason P. Renzelmann, FROST BROWN TODD LLC, Louisville, Kentucky, F. William Brownell, HUNTON & WILLIAMS LLP, Washington, D.C., John C. Bender, Richard Clayton Larkin, DINSMORE & SHOHL LLP, Lexington, Kentucky, Robert M. Rolfe, HUNTON & WILLIAMS LLP, Richmond, Virginia, Nash E. Long, Brent A. Rosser, Sarah Anna Santos, HUNTON & WILLIAMS LLP, Charlotte, North Carolina, for Appellants. Steve W. Berman, HAGENS BERMAN SOBOL SHAPIRO LLP, Seattle, Washington, Noah Axler, DONOVAN AXLER, LLC, Philadelphia, Pennsylvania, Jeffrey M. Sanders, JEFFREY M. SANDERS PLLC, Fort Thomas, Kentucky, Charles L. Williams, WILLIAMS & SKILLING, P.C., Richmond, Virginia, for Appellees. J. Philip Calabrese, PORTER WRIGHT MORRIS &

1

ARTHUR LLP, Cleveland, Ohio, Robert L. Brubaker, L. Bradfield Hughes, Eric B. Gallon, PORTER WRIGHT MORRIS & ARTHUR LLP, Columbus, Ohio, Quin M. Sorenson, SIDLEY AUSTIN LLP, Washington, D.C., for Amici Curiae.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.   Defendant Louisville Gas & Electric brings this interlocutory appeal pursuant to 28 U.S.C. § 1292(b) challenging the district court's order refusing to dismiss state law nuisance, trespass, and negligence claims that defendant argued were preempted by the federal Clean Air Act.   That order must be affirmed under today's holding in the companion interlocutory appeal of *Merrick, et al. v. Diageo Americas Supply, Inc.*, 14-6198.   Plaintiffs additionally challenge the district court's adverse interlocutory orders regarding distinct federal law claims, without having cross-petitioned for interlocutory appeal under 28 U.S.C. § 1292(b) with respect to those orders.   We lack jurisdiction to review those distinct interlocutory orders, even though they were handed down in the same document as the order properly appealed from.

The district court summarized the facts underlying this appeal as follows:

> This case involves the operation of the Cane Run power plant in southwestern Louisville [which is owned and operated by Louisville Gas and Electric Company ("LGE")].   The Plaintiffs allege that beginning in 2008, they and their neighbors began noticing a persistent film of dust that coated their homes and properties.   They allege that the Cane Run power plant emits dust and coal ash into the air and onto their homes and properties several times a month. The Plaintiffs state that the dust and coal ash have been emitted from: (1) Cane Run's emission stacks, through which solid particulates are released during the coal burning process; and (2) Cane Run's sludge plant, where the ash is mixed with a cementing agent.   Further, the Plaintiffs state that ash, dust, and other coal combustion byproducts blow onto their properties because they are placed in an insufficiently-covered landfill.   The Plaintiffs allege that the ash, dust, and coal combustion by-products are not only annoying, but also, they are composed of dangerous elements, including arsenic, silica, lead, and chromium.
>
> Louisville's Air Pollution Control District (the "District") is the agency charged with enforcing [federal and state] environmental regulations in Jefferson County.   In 2010, the District began investigating complaints about Cane Run.   As a result of the investigation, the District issued several Notices of Violation ("NOVs") to [LGE] concerning particulate emissions and the odors produced by

Cane Run. Specifically, in July of 2011, the District issued an NOV finding that LGE allowed fly ash particulate emissions to enter the air and be carried beyond its property line. Four months later, in November of 2011, the District issued a second NOV, detailing more violations involving the emission of dust and ash from Cane Run. Subsequently, between July of 2012 and August of 2013, the District issued four additional NOVs. These NOVs were resolved by an administrative proceeding before Louisville's Air Pollution Control Board ("the Board"), which resulted in an Agreed Board Order ("ABO").

The ABO required LGE to implement, and comply, with a "Plant-Wide Odor, Fugitive Dust, and Maintenance Emissions Control Plan." In the ABO, the Board specifically found that: (1) the required measures would "fully address" the alleged violations cited in the NOVs; (2) LGE "demonstrated compliance at the Cane Run Generating Station" by submitting to the ABO's control plan; and (3) the proposed resolution in the ABO was "reasonable and adequate under the circumstances." After a public hearing on November 20, 2013, the District adopted the ABO.

On September 6, 2013, the Plaintiffs provided a Notice of Intent to Sue ("NOI") to the Defendants, the District's Director, the EPA Administrators, the Director of Kentucky's Division of Waste Management, the Commissioner of Kentucky's Department of Environmental Protection, and the U.S. Attorney General. The Plaintiffs filed this action more than 90 days from when the notices were delivered. In the action, the Plaintiffs allege violations of the Clean Air Act ("CAA") and Resource Conservation and Recovery Act ("RCRA"). They also bring state-law claims of nuisance, trespass, negligence, negligence per se, and gross negligence. LGE and [its parent company,] PPL Corporation (collectively "defendants"), argue that the claims must be dismissed under Fed. R. Civ. P. 12(b)(1) and (b)(6).

*Little v. Louisville Gas & Elec. Co.*, 33 F. Supp. 3d 791, 796–97 (W.D. Ky. 2014) (citations and some abbreviations amended). In all, plaintiffs' complaint featured nine counts. Counts I and II alleged past and ongoing violations of RCRA. Count III alleged past and ongoing violations of the Clean Air Act. The remaining counts in the complaint sought damages under state common law doctrines including nuisance, trespass, and negligence.

In a "Memorandum and Order" issued on July 17, 2014, the district court dismissed all of plaintiffs' federal law claims except the claim that defendants were operating Cane Run without a valid Clean Air Act permit. *Id.* at 798–814. In the same "Memorandum and Order," the district court rejected defendants' argument that the Clean Air Act preempted plaintiffs' state common law claims. *Id.* at 814–17.

The district court certified for interlocutory appeal "the portion of its July 17, 2014 Memorandum Opinion and Order that denied Defendants' motion to dismiss Plaintiffs' state common law claims on preemption grounds under the Clean Air Act." A panel of this court granted the appeal pursuant to 28 U.S.C. § 1292(b), stating:

> The issue of whether the CAA preempts the plaintiffs' state-law claims is an unresolved, controlling issue of law that may materially advance the termination of the action below. Accordingly, the petition to appeal the July 17, 2014, Memorandum Opinion and Order granting in part and denying in part the defendants' motion to dismiss is **GRANTED**. The parties may brief any issues fairly included within that order, and the merits panel will determine which of the briefed issues should be resolved in the interlocutory appeal.

On appeal, defendants contest the district court's denial of their motion to dismiss, on preemption grounds, plaintiffs' state law claims, while plaintiffs contest the district court's dismissal of their federal law claims.

Defendants' Clean Air Act preemption arguments are disposed of by our decision in *Merrick v. Diageo Americas Supply*, No. 14-6198. Plaintiffs' state common law claims are not materially distinguishable from the state common law claims raised in *Merrick*. For the reasons set forth in that opinion, the Clean Air Act does not preempt plaintiffs' state common law claims.

We lack jurisdiction to consider plaintiffs' challenge to the district court's orders that dismissed most of plaintiffs' federal law claims. Under 28 U.S.C. § 1292(b), this court has jurisdiction to review an interlocutory order only to the extent a district court has certified that order for interlocutory appeal. The word "order," in the context of § 1292(b), refers to a specific direction or command from the district court, not to the document or opinion in which the court explains that direction or command. This plain reading is compelled by the purpose of the statute and avoids a formalistic anomaly. The only order the district court certified for interlocutory appeal here was its order denying defendants' motion to dismiss plaintiffs' state common law claims. Indeed, that is the only order as to which any party sought certification for appeal; plaintiffs never filed a cross-petition seeking leave to appeal the district court's orders dismissing most of plaintiffs' federal law claims. *See* Fed. R. App. P. 5(b)(2). Because the district court did not certify for interlocutory appeal its orders dismissing most of plaintiffs'

federal law claims, § 1292(b) does not empower this court to consider those orders on interlocutory appeal.

It is true that the last paragraph of the motions panel's order granting defendants leave to appeal included a statement that the parties could brief "any issues fairly included within [the district court's July 17, 2014 Memorandum and Order]." While perhaps subject to a broader reading, the language can have referred only, for example, to threshold issues or different arguments regarding the order appealed from, and not to different orders regarding different claims under different statutes, even if the distinct orders were contained in a single document entitled "Order." Indeed, the district court made explicit that its certification extended only to "the portion of its July 17, 2014 Memorandum Opinion and Order that denied Defendants' motion to dismiss Plaintiffs' state common law claims on preemption grounds under the Clean Air Act."

We recognize of course that a district court's certification of an order as containing a controlling question of law permits appellate consideration of other legal questions that are presented by the certified order. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204 (1996). But additional legal questions implicated in one order are different from additional *orders* that are included in one document that happens to be labeled "order." *Yamaha* involved the former, an "anterior issue" that was "pivotal" with respect to the certified order. *Id.* Plaintiffs' arguments in this case involve the latter.

Allowing interlocutory appeal of directions or commands in a district court opinion, for the formal reason that the district court labeled the opinion an "Order," would be inconsistent with the purpose of § 1292(b). That purpose—permitting appellate courts to timely resolve disputed, controlling legal questions when doing so might avoid the need for protracted and expensive litigation—serves the twin aims of judicial and party economy. *See* 16 Charles A. Wright et al., Federal Practice and Procedure § 3929 (3d ed. 2012). The purpose is plainly not furthered by interpreting § 1292(b) to require appellate review of every direction or command given in a district court opinion when only one of those directions or commands "involves a controlling question of law as to which there is substantial ground for difference of opinion," the resolution of which on appeal "may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b). Plaintiffs could have cross-petitioned for interlocutory appeal of the orders they now challenge. *See* Fed. R. App. P. 5(b). That would have given the district court and this court the opportunity to evaluate whether interlocutory appeal of the district court's orders was warranted. If granted, moreover, this procedure would have permitted a proper sequencing of briefs in a cross-appeal, such that the cross-appellee would have been entitled to file a response brief not confined to the length of a reply brief. *See* Fed. R. App. P. 28.1(c); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 689–90 (9th Cir. 2011). Interpreting "order" as a specific direction or command from the district court avoids such a circumvention of orderly procedure.

Other circuits have similarly interpreted the word "order" in § 1292(b) to mean a district court's direction or command resolving a discrete motion or claim. In *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994), for example, the defendant in a contract case sought dismissal on the grounds that a statute precluded jurisdiction over the damages claim, and in addition that injunctive relief was not available. The district court indicated that injunctive relief was not available, but that jurisdiction was not precluded. *Id.* The district court certified the jurisdiction issue for interlocutory appeal, but specifically declined to certify the question of whether injunctive relief was available, although the court had discussed the issue in the same document. *Id.* The court of appeals subsequently refused to reach the injunctive relief issue, reasoning as follows:

> Homeland correctly points out that it is the district court *order* that is certified under § 1292(b) and not the specific question of law deemed controlling by the district court. Homeland contends that, because the certified order discussed the question of injunctive relief along with the question of federal jurisdiction, we can and should address the injunctive relief issue in this appeal. We disagree.
>
> If we find that a particular question other than the question specifically identified by the district court controls the disposition of the certified order, we may, and indeed should, address that question. In this case, however, whether injunctive relief is available against the RTC is not such an alternate controlling question. The order appealed from concerns whether Homeland's complaint states a claim upon which relief can be granted. Homeland's request for injunctive relief is only as a specific type of remedy for its breach of contract claims. Because we hold . . . that Homeland's complaint does state a claim and, at minimum, relief would be available in the form of damages at law, we need not

decide on the availability of any specific type of alternate relief here.  Thus, we do not address the question of the availability of injunctive relief.

*Id.* at 1271–72 (internal citations omitted).

*FDIC v. Dye*, 642 F.2d 833 (5th Cir. Unit B Apr. 1981), is similar.  The district court in that case had denied the petitioner's motion for summary judgment on four counterclaims raised by the respondent.  *Id.* at 835.  Although the district court had certified just one of those rulings for interlocutory appeal, the petitioner sought review of the district court's rulings with respect to all four counterclaims.  *Id.* at 836–37.  The Fifth Circuit rejected the petitioner's attempt to appeal the uncertified rulings, noting that "we have not accepted [those rulings] for appeal pursuant to § 1292(b)."  *Id.* at 837.  The Fifth Circuit further explained that

> [a]lthough grouped nominally in the same order, the denials of summary judgment . . . should be considered different orders under § 1292(b).  *See generally Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970) (party should not be allowed to use valid appeal as vehicle for making other appeals which would otherwise be impermissible).

*Id.* at 837 n.6.  The reasoning of the Tenth and Fifth Circuits in these cases supports the conclusion that we lack jurisdiction to consider the plaintiffs' challenges to the dismissal of federal law claims on this interlocutory appeal.

The district court's order denying defendants' motion to dismiss plaintiffs' state common law claims is affirmed.  We lack jurisdiction to consider the other, unrelated orders challenged by the plaintiffs in their brief on this interlocutory appeal.