RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0077p0.6

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

IN RE: NICHOLAS PAUL SOMBERG,

*Petitioner.*                    No. 22-0101

─────────────────

On Petition for Permission to Appeal.
United States District Court for the Eastern District of Michigan at Detroit;
No. 2:20-cv-11917—Gershwin A. Drain, District Judge.

Decided and Filed:  April 20, 2022

Before:  SUTTON, Chief Judge; MOORE and COLE, Circuit Judges.

─────────────────

**COUNSEL**

**ON PETITION FOR PERMISSION TO APPEAL:**  Philip L. Ellison, OUTSIDE LEGAL COUNSEL PLC, Hemlock, Michigan, for Petitioner.

─────────────────

**ORDER**

─────────────────

Nicholas Somberg seeks permission to appeal the denial of his motion for summary judgment under 28 U.S.C. § 1292(b).  Because immediate review would not bring this lawsuit to a close materially sooner than an appeal from a final judgment, we deny the petition.

Somberg is a Michigan attorney.  In May 2020, while appearing by video in state court, he took a screenshot of the hearing.  He posted the picture on Facebook.  The county prosecutor's office sought contempt charges, arguing his conduct violated court restrictions on recording or broadcasting proceedings.

The court later dismissed the contempt charges on procedural grounds.  But Somberg feared future charges and wanted to continue to record court proceedings.  He brought a pre-enforcement challenge in federal court against the prosecutor, arguing the recording and broadcasting policy violates the First and Fourteenth Amendments.

Somberg moved for summary judgment.  In response, the prosecutor asked the court to deny the motion and dismiss the case.  The prosecutor got half of what she asked for.  The court denied the motion, concluding that the First Amendment does not protect the right to record publicly livestreamed proceedings.  But the court declined to dismiss the case because the prosecutor had not filed a cross-motion for summary judgment.

Somberg asked the district court to certify its summary judgment denial for interlocutory appeal under 28 U.S.C. § 1292(b).  The court agreed and stayed proceedings until we responded to the request.

Our jurisdiction usually encompasses final judgments alone.  *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018).  But that rule contains "safety valves."  *Page Plus of Atlanta v. Owl Wireless, LLC*, 733 F.3d 658, 659–60 (6th Cir. 2013).  Among them is § 1292(b), which authorizes interlocutory review under specific circumstances.  To qualify, a district court must find three things: (1) The appeal "involves a controlling question of law," (2) there is a "substantial ground for difference of opinion" about the answer, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  If the district court certifies an order, we may exercise our discretion to review it. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).  The three criteria listed in § 1292(b) along with "other prudential factors" guide our discretion.  *Id.*

An interlocutory appeal would not "materially advance" this litigation.  Appeals fulfilling that criterion typically are those where, absent review, potentially unnecessary "protracted and expensive litigation" will ensue.  *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015).  Consider some examples to illustrate the point.  We permitted review when a bankruptcy judge was set to allow a jury trial to proceed that it may have lacked authority to conduct.  *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).  And we permitted review

when a district court was poised to authorize invasive discovery on a complaint that could have failed to state a claim against the President of the United States. *In re Trump*, 874 F.3d at 952. So too when a court planned to oversee a trial between two parties that might have agreed to arbitrate their disputes. *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 360–61 (6th Cir. 2016). By contrast, where interlocutory review would not alter the litigation's path, *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002), and where the district court could swiftly proceed to a final judgment even without review, *Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966), we deferred consideration.

Interlocutory review would forestall little here. Somberg acknowledges that his case does not turn on any disputes of fact, which means that there is no trial to avoid. The most likely next step, as we see it, would be for the prosecutor's office to move for summary judgment. The district court's conclusion that Somberg's summary judgment motion failed as a matter of law raises the possibility that it will be amenable to a motion cutting the other way. Right or wrong about that possibility, there is plenty of reason to think that the case could proceed to final judgment quickly.

The district court's contrary reasoning does not move us. It noted that, if the litigation continues without appeal, Somberg will likely have to amend his complaint to proceed. But that reality cautions against immediate review, not in favor of it. If we deny permission to appeal now, and Somberg adds new claims, the district court can address them, and we can review his claims all at once at the end of the proceedings below. If we grant permission, regardless of what we say about the existing claim in the interim, the district court would need to address the hypothetical new claims afterward. The case could easily come back to this court after that. At best, that seems like six of one and a half dozen of the other. Given the countervailing interest against piecemeal appeals, we exercise our discretion to avoid it.

The district court also relied on our cases suggesting that when a lawsuit will proceed "in substantially the same manner regardless" of what we say on appeal, it does not warrant interlocutory review. *In re City of Memphis*, 293 F.3d at 351 (quotation omitted). The court took that statement to mean that an appeal materially advances litigation if it affects how the litigation proceeds. But that seems to be the flipside of *Memphis*, not a restatement of it. No

doubt, an immediate appeal has the potential to alter this litigation's path and outcome, just as an appeal of almost any controlling question of law would. But immediate review will not accelerate its end in this instance. Under these circumstances, the preference for final judgments wins out.

That the prosecutor has failed to oppose interlocutory review does not change things. Even though we have observed that the § 1292(b) factors are "guiding criteria" for our court, not "jurisdictional prerequisites," *In re Trump*, 874 F.3d at 951 (emphasis omitted), that does not mean the parties can concede their way to appellate review without our input, *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013).

We deny the petition for leave to appeal.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk