UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION, et al., Plaintiffs,

v.

ARCH MINERAL CORPORATION, Defendant.

Civ. A. No. 92–0742 (GHR).

United States District Court, District of Columbia.

Oct. 28, 1992.

Robert H. Stropp, Jr., United Mine Workers of America, Edgar N. James, John J. Sullivan, Guerrieri, Edmond & James, P.C., DC, for plaintiffs.

Thomas P. Gies, George D. Ruttinger, Ellen B. Moran, Roy A. Sheetz, Crowell & Moring, DC, for defendant.

## ORDER

REVERCOMB, District Judge.

Before the Court are four motions filed by defendant Arch Mineral Corporation ("Arch" or "the Company") which are in the main addressed to plaintiff United Mine Workers of America International Union's ("UMW" or "the Union") Opposition to Arch Mineral's Motion to Dismiss. These motions are: 1) Arch's Motion to Strike Exhibits, filed July 17, 1992; 2) Arch's Motion to Strike Privileged Documents, Disqualify Counsel, and for Other Relief, filed August 4, 1992; 3) Arch's Motion to Stay Discovery Pending Resolution of Motion to Dismiss, filed August 17, 1992; and 4) Arch's Motion for a Protective Order, filed September 25, 1992. All of these motions are fully briefed and ripe for decision.[1] The Court will now issue its ruling on each motion, briefly stating its reasons for so ruling, and address further scheduling matters, as follows:

### 1. *Motion to Strike Exhibits*

■ This motion is directed to paragraph 13 of Exhibit B, Attachment 6 to Exhibit B, and Exhibit C of the UMW's Opposition. Arch seeks to strike these documents or portions thereof on the grounds that none of them is properly certified or authenticated as required by Fed.R.Civ.P. 56(e).

Arch's assertion that these documents must conform to the requirements of Rule 56 or be stricken raises the issue of the standard the Court should apply in deciding its Motion to Dismiss. In its opposition to Arch's Motion to Strike Exhibits, the UMW argues that the standards governing summary judgment motions pursuant to Rule 56 are "wholly inapplicable to a motion to dismiss for lack of personal jurisdiction." Pls.' Opp. to Mot. to Strike Exs. at 1. Strictly speaking this is so. *Cf.* 5A Charles

Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1364, at 474–75, § 1366, at 485 (2nd ed. 1990 & Supp.1992). Yet Arch also grounds its Motion to Dismiss on improper venue under Fed.R.Civ.P. 12(b)(3) and, most importantly, failure to state a claim upon which relief can be granted under Rule 12(b)(6). In support of its contention that counts II and III of the UMW's complaint should be dismissed for failure to state a claim, Arch asserts that it is not and has never been a signatory to any collective bargaining agreement with the Union and for that reason cannot be bound by contractual obligations or held to have violated section 301 of the Labor Management Relations Act arising from such an agreement. In making these assertions, Arch relies heavily on documents outside the pleadings to establish a course of conduct in dealing with the UMW that Arch claims has been unwavering in its refusal to bargain with the Union except through Arch subsidiaries. *See* Mem. in Supp. of Mot. to Dism. at 30–33, 37 (citing extensively from the Declaration of Thomas McKown and exhibits attached to that declaration, all of which are attached as Exhibit B to Arch's Motion). The Union, for its part, maintains that this course of conduct is in reality a charade and attaches numerous exhibits and affidavits to its Opposition brief that purport to show this.

Rule 12(b) expressly provides that, when a motion to dismiss asserts 12(b)(6) as a grounds for dismissal, and

> matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b) (emphasis added). This mandatory provision of Rule 12(b) would appear to apply to this case in its present procedural posture. Indeed, the affidavits and exhibits which each party attached to its respective motion papers, which the

---

1. The Court heard oral argument on Arch's Motion to Strike Privileged Documents, Disqualify Counsel and For Other Relief, on September 30, 1992. The remaining motions were submitted on the papers.

Court believes it should consider in ruling on the Motion to Dismiss, qualify as matters outside the pleadings sufficient to convert Arch's 12(b)(6) motion into a motion for summary judgment. *See Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 391 (7th Cir.), *cert. denied*, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981). While it is generally true that a motion to dismiss grounded on the defense of lack of personal jurisdiction is not a proper subject for summary judgment, *see Federal Practice and Procedure* § 1366, at 485, in this instance Arch's personal jurisdiction defense and its assertion that counts II and III of the Union's complaint fail to state a claim are intertwined with one another. Moreover, the Union's alter ego and single employer theories apply in opposition to both of these grounds of dismissal and touch the merits of the underlying claims against Arch. The Court believes, therefore, that conversion of Arch's Motion to Dismiss to a motion for summary judgment is appropriate.

Accordingly, the Court will issue an order, set forth below, converting Arch's Motion to Dismiss into a motion for summary judgment in accordance with the command of Fed.R.Civ.P. 12(b). Because conversion of a Rule 12 motion into a Rule 56 motion requires notice to the parties, *see Hollis v. United States Dep't of the Army*, 856 F.2d 1541, 1543 (D.C.Cir.1988), the Court will also issue a schedule to this effect. The Court believes that conversion of *this* Motion to Dismiss does not preclude a second round of summary judgment motions that directly address the merits of the case in the event Arch's instant motion is denied. The Court will DENY Arch's Motion to Strike Exhibits with leave to renew upon expiration of the period for conforming the motion papers to the standard set forth in Rule 56.

2. *Motion to Strike Privileged Documents, Disqualify Counsel, and for Other Relief*

 This motion raises a claim of attorney-client privilege pertaining to documents attached to the Union's Opposition to Arch's Motion to Dismiss. In support of its Opposition, the UMW has submitted the Declaration of Cecil Roberts, who at all relevant times was a UMW Vice–President. Attached as Exhibit 4 to Mr Roberts's Declaration are two memoranda, each dated April 10, 1989, from Jeffrey N. Quinn, Arch's General Counsel, to eight senior managers of Arch. These memoranda set forth Mr Quinn's analysis of several subjects at issue in this litigation, at the behest of one of the eight senior managers, and include an analysis of Arch's corporate structure that is relevant to certain allegations made by the Union against the Company. Each memorandum is stamped "CONFIDENTIAL—ATTORNEY CLIENT COMMUNICATION/ Do not copy or further distribute" at the top of its first page. These are plainly internal documents that address, *inter alia*, sensitive legal questions of corporate organization and labor relations.

Copies of these two memoranda wound up in the hands of the Union. Counsel for Arch has suggested that the documents were "misappropriated" and that, given their privileged nature, it was misconduct on the part of the UMW's counsel to use them. Counsel for the UMW has represented in open court that he got the documents from the Union, which received multiple copies of them anonymously and by mail. Arch, not surprisingly, demands them back; the Union, also not surprisingly, refuses to hand them over.

As a threshold matter, the Court is satisfied that these two memoranda, prior to their disclosure, fell within the protection of the attorney-client privilege. *See In re Sealed Case*, 737 F.2d 94, 98–99 (D.C.Cir. 1984) (adopting, with modifications, the four-part test summarized by Judge Wyzanski in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D.Mass.1950)). The Court is not convinced, on the record now before it, that plaintiffs have met their burden of showing a prima facie case or probable cause of fraud or other misconduct on Arch's part that would warrant application of the crime-fraud exception to the privilege. *See Coleman v. American Broadcasting Com-*

**6**

*panies, Inc.,* 106 F.R.D. 201, 206–07 (D.D.C.1985).

Plaintiffs urge in the alternative that the attorney-client privilege no longer attaches to these documents because they were inadvertently disclosed. The proponent of the privilege—in this instance, Arch—has the burden of showing that it has not waived attorney-client privilege. *See Securities and Exchange Comm'n v. Gulf & Western Indus., Inc.,* 518 F.Supp. 675, 682 (D.D.C.1981). Reasoning that "[t]he courts will grant no greater protection to those who assert the privilege than their own precautions warrant," our court of appeals has made it clear that even an inadvertent disclosure waives the privilege. *In re Sealed Case,* 877 F.2d 976, 980 (D.C.Cir.1989). The court of appeals has suggested, however, that there might be no waiver in circumstances in which confidential information was disclosed to a third party despite all possible precautions. *See id.* at 980 n. 5; *Suburban Sew 'N Sweep, Inc. v. Swiss–Bernina, Inc.,* 91 F.R.D. 254, 258–61 (N.D.Ill.1981). As proponent of the claim of privilege, therefore, it is Arch's burden to show not only that it intended these documents to be confidential, but that it took all possible precautions to maintain their confidentiality.

Arch has not met this burden. In support of its Motion to Strike, Arch has submitted affidavits from its General Counsel and from five of the senior executives to whom the memoranda were sent. Although these affiants state that at no time did they authorize disclosure of these memoranda to third parties, they do not state that they never copied or distributed or authorized the copying or distribution of these documents within the firm, despite the fact that each memorandum is clearly stamped "Do not copy or further distribute" on its first page. Arch, moreover, has not supplied any affidavits at all from three of the senior executives (now apparently no longer employed by the company) who received these memoranda. Although Arch hints darkly at the misappropriation of the documents, it has come forward with no evidence whatever to support the allega-

tion. Counsel for the UMW, on the other hand, has represented that his client received multiple copies of these documents in the mail from an anonymous source. In view of the lack of evidence to the contrary, the Court accepts the representation of plaintiffs' counsel. Although the Court declines to speculate on how these documents came into plaintiffs' hands, the record as it currently stands is consistent with the conclusion that the documents were leaked. Whether that conclusion is true or not, however, the Court is satisfied that, under the standards applied in this circuit, Arch waived attorney-client privilege when it failed to maintain the confidentiality of these memoranda: "In other words, if a client wishes to preserve the privilege, it must treat the confidentiality of attorney-client communications like jewels—if not crown jewels[;] [s]hort of court-compelled disclosure ... or *other equally extraordinary circumstances,* [the Court] will not distinguish between various degrees of "voluntariness" in waivers of the attorney-client privilege." *In re Sealed Case,* 877 F.2d at 980 (citation omitted, emphasis supplied).

Accordingly, the Court will DENY Arch's Motion to Strike Privileged Documents, Disqualify Counsel, and For Other Relief.

3. *Motion to Stay Discovery Pending Resolution of Motion to Dismiss*

This motion seeks to stay all discovery in the case pending a ruling on Arch's Motion to Dismiss. By Order dated September 18, 1992, this Court stayed all discovery relating to class certification pending that ruling, so to that extent it has granted Arch's Motion.

Arch predicates its Motion to Dismiss largely on the assertion that this Court lacks personal jurisdiction over the Company, which was never a signatory to the collective bargaining agreements that form the basis of the UMW's lawsuit, and that for the same reason the Union has failed to state claims against it. In opposing these assertions, the Union contends that the Company may be liable under either the

single employer or alter ego theories of corporate liability on contracts entered into by subsidiaries. To decide the issues of personal jurisdiction and whether the complaint in counts II and III states claims for which relief can be granted, in other words, the Court must decide questions of corporate structure that implicate the merits of the underlying claims made by the Union. The Court believes that the Union is entitled to *limited* discovery on the question of Arch's corporate structure only in so far as it may be relevant to these theories. Thus, to the extent Arch's Motion to Stay Discovery also seeks to stay discovery relevant to the assertion of these theories in opposition to its Motion to Dismiss, the Court will deny the Motion.

Accordingly, Arch's Motion to Stay Discovery Pending Resolution of Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

### 4. *Motion for Protective Order*

 This Motion in large measure reiterates the same claims of attorney-client privilege that Arch asserted in its Motion to Strike Exhibits, Disqualify Counsel and For Other Relief. The Court has now ruled, *supra,* that the two Quinn Memoranda which were the subjects of that Motion are no longer entitled to a claim of attorney-client privilege because they were inadvertently disclosed. For the same reason, therefore, those memoranda are not entitled to the protective order that Arch now seeks.

In its Motion for Protective Order, however, Arch also objects to discovery of certain other documents sought by the Union in Document Requests Nos. 1, 2, 3, 4, 5, 8 and 9, all on grounds of attorney-client privilege. *See* Def.'s Mot. for Protective Order at 2. Although the Union does not address any of *these* claims of privilege in its Opposition brief, it is clear that the assertion of attorney-client privilege with respect to these documents is insufficient on its face. "A blanket assertion of privilege is unacceptable. The proponent must conclusively prove each element of the privilege." *S.E.C. v. Gulf & Western Indus.,*

*Inc.,* 518 F.Supp. at 682. Thus, while the Court can envision granting a motion for a protective order regarding *these* documents—assuming that Arch properly carries its burden—it cannot do so on the Motion now before it.

Accordingly, Arch's Motion for Protective Order is DENIED AS MOOT as to the two Quinn Memoranda and DENIED as to the remaining documents referenced therein.

### 5. *Conversion of the Motion to Dismiss to a Motion for Summary Judgment*

For the reasons stated above in Part One of this Order, and pursuant to Fed.R.Civ.P. 12(b), Arch's Motion to Dismiss is converted to a Motion for Summary Judgment. The issues for consideration on this Motion for Summary Judgment will be limited to those raised by Arch in the Motion to Dismiss and by the Union in its Opposition; other issues, including the questions whether Arch may have violated ERISA and the LMRA as alleged by the Union in its complaint, will be addressed if necessary in subsequent proceedings. The parties have until the close of business on January 28, 1993, to complete any remaining discovery as permitted above, to conform their motion papers to the requirements of Fed. R.Civ.P. 56, and to file the conformed papers with the Court. Each party may, at its discretion, file a supplemental memorandum, which it must file no later than January 28, 1993. Response and reply memoranda, if submitted, must be filed within the time period prescribed by the Local Rules. The Court will hold a Motions Hearing for oral argument on March 11, 1993, at 9:00 a.m.

SO ORDERED.